No. 14,687.

FANKBONER *v.* CORDER.

EASEMENT.—*Owner of Servient Estate.—Proof of Disability.*—While a right can not be acquired by prescription against one under disabilities, the person claiming the right is not required to aver and prove that the owner of the servient estate was not under disabilities. If disability is relied on as a defence it must be established by the party asserting it, as disability is not presumed.

SAME.—*Ways.—Prescription.*—Where there is a continuous and uninterrupted use of a private way over the land of another by an adjoining owner for more than twenty years, and the owner of the dominant estate during such time expends money in improving the way, and the owner of the servient estate marks its boundaries and fences it, a title to the way by prescription is established.

SAME.—*Intersection of Private Way with Public Road.—Erection of Gate.*—The owner of the servient estate has no right to erect a gate at the place where a private way acquired by prescription intersects a public road, where no gate was erected during the requisite term for acquiring the way.

SAME.—*Purchaser of Servient Estate with Knowledge.*—One who takes an estate upon which a servitude has been imposed, with knowledge of its existence, holds it subject to the same servitude and in the same manner as it was held by his grantor.

From the Grant Circuit Court.

*G. W. Harvey, H. J. Paulus* and *S. Moore,* for appellant.

McBRIDE, J.—This was a suit by the appellee against the appellant to restrain him from erecting a gate across the entrance to a private way, the right of which she claimed had been acquired by prescription.

The court, by request of appellant, made a special finding of the facts and stated its conclusions of law thereon. Ap-

pellant excepted to the conclusions of law and assigns error thereon.

Appellant also assigns as error the overruling of his motion for a new trial. The motion for a new trial was based solely upon the insufficiency of the evidence to sustain the finding. We have read the evidence carefully and find it very conflicting. Appellee called a large number of witnesses, and their testimony tends strongly to sustain the finding. A number of witnesses called by appellant testify to the direct opposite on several material questions. It is very plainly a case where this court, under its uniform and long established practice, can not disturb the finding. The remaining question is the only one which we can consider.

The special finding is, so far as we need consider it, substantially as follows:

Appellee owns and resides upon a certain tract of land in Grant county, Indiana. Appellant owns and resides upon land adjacent thereto, the title to which he acquired in the year 1887. A public gravel road runs along the side of the appellant's land. The private way in question is fourteen feet wide, and runs from appellee's dwelling-house, where she and her family reside, across her said land and the land of appellant, and terminates at the said gravel road. It is fenced on both sides, and for more than thirty years has been used by appellee, and those under whom she claims, as a means of access to her said lands, and as a passage-way between said lands and said public gravel road. Such use had been continuous and unobstructed for more than twenty years before the commencement of the suit. One Knight, a former owner of appellant's land, recognized the existence of said way, and established its width by depositing in said gravel road two stones to indicate the east and west sides thereof respectively, and Robert Corder, husband of appellee, twenty-five years before the commencement of the suit, for the purpose of rendering ingress and egress to and from appellee's land more easy, improved said way by doing

grading and gravelling thereon of the value of $60.50. It is further found that such use of said way had continued for thirty years before appellant became the owner of his said land. Also, that appellant knew, when he became the owner of said land, of the existence and use of said way. The gravel road in question is a highway, leading from Jonesboro, west, and intersecting the Marion and Liberty gravel road leading to Marion, the county-seat of the county.

One may acquire an easement in the lands of another by prescription. To establish the existence of such easement he must show a continuous, uninterrupted, adverse use, under claim of right, and with the knowledge and acquiescence of the owner of the land. By continuous and uninterrupted use is meant use not interrupted by the act of the owner of the land, or by voluntary abandonment by the party claiming the right. It is not necessary that the use should have been continuous in the person asserting the right. It will be sufficient if such use has been continuous in him and those under whom he claims. If there has been the use of an easement for twenty years, unexplained, it will be presumed to be under a claim of right, and adverse, and be sufficient to establish a title by prescription, and to authorize the presumption of a grant, unless contradicted or explained. Washb. Easements and Servitudes, 156, and cases cited.

While it is true, as claimed by appellant, a right can not be acquired by prescription against one under disabilities, the person claiming the right is not required to aver and prove that the owner of the servient estate was not under disabilities. If disability is relied on as a defence it must be established, like any other defence, by the party asserting it. There is in such a case no presumption of disability. In the absence of any testimony to the contrary, it will be presumed there was no disability. *Palmer* v. *Wright*, 58 Ind. 486.

In this case there was no finding that any owner of the servient estate had been under any disability, nor was there

any evidence introduced tending to show that any disability existed.

Applying the foregoing general principles to the facts in this case, the conclusion is irresistible that appellee has acquired an easement in the way in controversy by prescription. The court finds that there was a continuous, uninterrupted use for more than twenty years. This, unexplained, raises a presumption that it was adverse and under claim of right. The only explanation afforded grows out of the fact that the claimant of the dominant estate during twenty-five years of such occupancy expended time and money in grading and otherwise improving the way. This, with the fact that the owner of the land over which the way passes, marked its boundaries with stones set in the highway, renders this presumption conclusive. The marking of the lines with stones, coupled with the fact that the owner of the land fenced the sides of the way, is sufficient to show knowledge of the use. Knowledge and acquiescence may be shown by direct testimony, or it may be inferred from the facts and circumstances shown. *Palmer* v. *Wright, supra.*

Although appellant only became the owner of the land in 1887, the finding shows the easement acquired before that time, and that he bought with knowledge of its existence. Whoever takes an estate upon which a servitude has been imposed holds it subject to the same servitude and in the same manner as it was held by his grantor. Washb. Easements and Servitudes, 7.

A conveyance by the owner of a servient estate does not affect the owner of the easement if the purchaser has notice of its existence. Washb. Easements and Servitudes, 11 ; *Ross* v. *Thompson,* 78 Ind. 90 ; *Robinson* v. *Thrailkill,* 110 Ind. 117.

In the case of *Phillips* v. *Dressler,* 122 Ind. 414, this court held that the owner of the fee in land which was subject to the easement of a private way reserved, or granted by deed, might maintain a gate at the point where such private way

intersects a public road. That case, unquestionably, states the law as applied. to easements of that character. An examination of the cases cited will show that it is abundantly sustained by authority. The rule, as there given, is quoted from Goddard Easements (Bennett's ed.), 331, and on the same page of this work we find the rule applicable to the facts of this case, stated thus: "If the way has been gained by *prescription*, and no gates or bars have ever been erected during the requisite term, it would seem from the analogies of the law that none can afterwards be erected, since the extent of the use is the measure of the right." We fully approve the rule thus stated. The finding in this case shows the way to have been unobstructed for more than twenty years before the commencement of the suit.

The court below granted a perpetual injunction against the threatened obstruction of the way, and we see no reason why the judgment should be reversed.

Judgment affirmed, with costs.

