STRINGHAM ET AL. *v.* CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY ET AL.

[No. 11,617.   Filed October 25, 1923.   Rehearing denied January 16, 1924.]

1. HIGHWAYS.—*Obstructions.—Injunction.—Burden of Proof.—* In an action to enjoin the obstruction of a road, the burden of proving that the road is a public highway is on the plaintiff. p. 21.

2. TRIAL.—*Conclusions of Law.—Exceptions to.—Effect.—* An exception to conclusions of law admits, for the purpose of the exception, that all facts within the issues are fully and correctly found.   p. 21.

3. TRIAL.—*Special Finding.—Failure to Find Fact.—*When the court makes a special finding of facts, the failure to find a material fact in issue is equivalent to an express finding against the party having the burden of proof as to such fact.   p. 21.

4. HIGHWAYS.—*Establishment.—By Prescription.—Over Wild Lands.—Presumption.—*In order to establish a public highway by prescription over wild, unenclosed lands, there must be something more than travel over the way by the public, as the presumption is that travel over such lands is merely permissive and not adverse and under a claim of right.   p. 22.

5. HIGHWAYS.—*Establishment.—By Prescription.—Over Wild Lands.—*To establish a highway by prescription through wild, unenclosed lands, the use of the way must be under a claim of right by the public, and not by mere acquiescence on the part of the owner, and must continue without interruption or substantial change for a period of twenty or more years. p. 22.

From Lake Circuit Court; *E. Miles Norton,* Judge.

Action by Sidney L. Stringham and another against the Chicago, Indianapolis and Louisville Railway Company and another.   From a judgment for defendants, the plaintiffs appeal.   *Affirmed.*

*McMahan & Conroy* and *H. S. Barr,* for appellants.
*C. C. Hine, Alfred Evans, John B. Peterson, Frank B. Pattee* and *Herbert T. Johnson,* for appellees.

REMY, J.—Suit by appellants to enjoin appellees from obstructing an alleged public highway. The court found the facts specially, and stated its conclusions of law thereon in favor of appellees. The questions, which under the rules of this court, have been presented by appellants for determination, arise on an exception to the conclusions of law.

Appellants by their complaint aver, among other things, that they are tenants in common of a tract of real estate, and that a certain described road fur-

1. nishes them the only way of ingress and egress to and from such real estate; that the road is a public highway; and that appellees are about to, and will, if not restrained, obstruct such highway by the erection of fences and gates. Under the issues as presented by the pleadings, appellants are not entitled to injunctive relief, unless the road which appellees are threatening to obstruct is a public highway. The burden of proving the road a public highway was, at the trial, upon appellants. Therefore, unless it has been found as an ultimate fact that the road in question is a public highway, or primary facts are found which force the inference to that effect, the conclusions of law must be sustained. See *State* v. *American Ins. Co.* (1922), 79 Ind. App. 88, 137 N. E. 338.

It is well settled that an exception to conclusions of law based upon a special finding of facts admits, for the purpose of the exception, that all facts within

2, 3. the issues are correctly found; likewise that the failure to find a material fact in issue is equivalent to an express finding against the party having the burden of proof as to such fact.

The ultimate fact of the existence of a public high-

way is not found. Do primary facts appear in the special finding which force the inference that the road is in fact a public highway? It was not contended at the trial, and no claim is now made, that the road is a public highway by dedication. If the road is a public highway, it is so by prescription. The court found specially that the road had been used by the public continuously for more than twenty years; that the lands over which it passed "had always been timber land with a little flat-iron shaped clearing in it in the extreme southeast corner," and that the "timber and said clearing were never fenced, and were always left open as wild timber lands," until shortly before the commencement of this suit. In order to establish a public highway over wild, unenclosed lands there must be something more than mere travel by the public. Mere use of a way over such lands raises no presumption that it is under claim of right. On the contrary the presumption in such a case is that the use is merely permissive, and not adverse and under claim of right. *O'Connell* v. *Chicago, etc., R. Co.* (1900), 184 Ill. 308, 56 N. E. 355; Elliott, Roads and Streets (3d ed.) §194. Before a highway can be established by prescription through wild, unenclosed lands, the use must be under claim of right in the public, and not by mere acquiescence on the part of the owner. As said by Mitchell, J., in *Shellhouse* v. *State* (1887), 110 Ind. 509, 11 N. E. 484, "It must appear that the general public, under a claim of right, and not by mere permission of the owner, used some defined way, without interruption or substantial change, for a period of twenty years or more." See, also, *Tucker* v. *Conrad* (1885), 103 Ind. 349, 2 N. E. 803; *Null* v. *Williamson* (1906), 166 Ind. 537, 545, 78 N. E. 76; *Talbott* v. *Grace* (1868), 30 Ind. 389; *Town of Brushy Mound* v. *McClintock* (1894), 150 Ill. 129, 36 N. E. 976.

There is no finding that the road was adopted, repaired, or in any way recognized, by the county or township; nor is there any finding that the use of the way was adverse or under claim of right. There are no facts found which force the inference that the way in question is a public highway.

In view of the conclusion reached, consideration of other questions presented is unnecessary.

Affirmed.

McMahan, C. J., not participating.