SWITZER ET AL *v.* ARMANTROUT.

[No. 16,075. Filed March 20, 1939. Rehearing denied May 3, 1939.]

*Roscoe D. Wheat* and *James W. Grimes,* for appellants.

*Albert A. Abromson,* for appellee.

LAYMON, J.—Appellee, as plaintiff below, instituted this action by a complaint in three paragraphs to quiet her title to a certain easement, being a private roadway, located over and upon certain lands of appellants situated in Jay County, Indiana. The relief demanded by the complaint was that plaintiff's title to the easement be quieted in her, that defendants be enjoined from obstructing said roadway, that defendants be ordered to remove the obstructions which had been placed upon

said roadway, and that plaintiff be granted all other proper relief. Appellants unsuccessfully demurred to the third paragraph of complaint for insufficient facts and thereafter filed an answer in general denial. They also filed a cross-complaint to quiet their title to the lands involved to which appellee answered in general denial. The issues thus joined were submitted to the court for trial, resulting in a finding and judgment that appellee's title to the easement over the lands of the appellants be quieted in her and forever put at rest; that appellants be enjoined from obstructing the roadway and from interfering with appellee's right to enjoy the free use thereof; that appellee erect and maintain and operate a suitable farm gate at the east end of the roadway; and that said farm gate be kept closed by appellee.

Appellants moved for a new trial on the grounds that the decision of the court is not sustained by sufficient evidence and that the decision of the court is contrary to law. This motion was overruled. Appellants have assigned as errors for reversal the action of the trial court in overruling their demurrer to the third paragraph of complaint and the overruling of their motion for a new trial.

It appears from the evidence that the roadway sought to be established involves the W. ½ of Sec. 1, Twp. 24 N., R. 14 E., in Jay County, Indiana; that on December 20, 1851, Philip Macklin, Sr., became the owner of the N. ½ of the S. W. ¼ of said Sec. 1; that George W. Macklin, his brother, became the owner of the S. ½ of the N. W. ¼ of said Sec. 1; that Philip Macklin, Sr., died testate, devising his real estate to his children, who, subsequent to the final administration of his estate, in an agreed judicial partition of the real estate in the year 1899, set off in severalty (1) to Maria A. Kraner the W. ½ of the N. E. ¼ of the S. W. ¼ of said Sec. 1,

containing 20 acres, which afterwards became the real estate of appellee; (2) to Adam Houser et al. the E. ½ of the N. E. ¼ of the S. W. ¼ of said Sec. 1, which afterwards became the real estate of appellant Murlie Switzer; that appellants are the owners of the E. ½ of the N. W. ¼ of said Sec. 1, excepting 20 acres off the north end thereof; that there is a public highway extending along the east side of appellants' lands, running north and south on the half section line; that the private roadway in question is approximately 16 feet in width, includes a portion of the land on both sides of the quarter section line and extends from the northeast corner of appellee's land across and over the lands of appellants, terminating at or near the public highway to the east; that this roadway is the only means of ingress to and egress from appellee's 20 acre tract; that it existed and was used during the period of ownership of the land by the Macklin brothers, forming the boundary where their lands joined and extending approximately 8 feet over each tract; that, in erecting fences upon the lands involved, the owners have recognized the existence and use of the roadway; that for more than 40 years the roadway has been used by the adjacent land owners; that for more than 20 years prior to the commencement of this action, appellee and her grantors have continuously and uninterruptedly used the right of way in dispute as a means of ingress and egress to and from the land now owned by appellee; that the right to the use of the roadway in question was never disputed, nor challenged, until after appellants became the owners of the land over which the roadway extended, and then, not until a short time before the beginning of the present litigation; that the use of said private roadway has been unobstructed during such period, except in October of 1934, when appellants constructed a fence along the east side of their land,

leaving an opening 16 feet in width between the two end posts and then closing this entrance by placing two poles across it; and that on the day before this action was instituted appellants erected a gate and padlocked it.

Appellee claims a right of way acquired by prescription over the lands of appellants and insists that upon this theory there is sufficient evidence to sustain the finding of the trial court. To the contrary appellants contend that no right to the roadway in question exists by prescription, because its use was merely permissive, or at most exercised under a mere license, and cannot ripen into an easement, no matter how long it may continue. Appellants are correct in their statement that a use which is merely permissive, or exercised under a mere license, cannot ripen into an easement, but whether a use is merely permissive or exercised under a mere license, or whether it be adverse under a claim of right is, in the instant case, a question of fact, and to hold that appellants are correct in their contention would require this court to weigh the evidence, which we are not permitted to do. Appellants are in error in asserting that the evidence is not in conflict and that the evidence does not show either an easement or a prescriptive right of way.

The testimony of a number of witnesses tends strongly to sustain the proposition that the roadway in question had been in existence and used for more than 40 years; that appellee and her grantors continuously and uninterruptedly for more than 20 years used the right of way in controversy as a means of ingress and egress to and from the land now owned by appellee.

"If there has been the use of an easement for 20 years, unexplained, it will be presumed to be under a claim of right, and adverse, and be sufficient to establish a title by prescription, and to authorize the presumption of a

grant, unless contradicted or explained." *Fankboner* v. *Corder* (1891), 127 Ind. 164, 166, 26 N. E. 766.

Under the following authorities there was ample evidence to warrant the trial court in establishing as an easement the private way over the lands of appellants by prescription: *Hill* v. *Hagaman* (1882), 84 Ind. 287; *Parish* v. *Kaspare* (1886), 109 Ind. 586, 10 N. E. 109; *Fankboner* v. *Corder, supra; Harding* v. *Cowgar* (1891), 127 Ind. 245, 26 N. E. 799; *Sheeks* v. *Erwin* (1891), 130 Ind. 31, 29 N. E. 11; *Smith* v. *Ponsford* (1915), 184 Ind. 53, 110 N. E. 194.

The right to use the roadway over the lands of appellants may doubtlessly be acquired by prescription, but such right does not ripen into a fee simple title, but vests at best only into an easement.

In view of the fact that a portion of the roadway in controversy extended beyond the real estate involved in the partition proceedings by the heirs of Philip Macklin, Sr., appellee cannot successfully claim the right to such roadway as a way of convenience and necessity by virtue of an implied grant incident to such partition proceedings for the reason that a partition of real estate does not carry with it a way of convenience and necessity over the lands of a stranger. *Logan* v. *Stogsdale* (1890), 123 Ind. 372, 24 N. E. 135; *Ritchey* v. *Welsh* (1898), 149 Ind. 214, 48 N. E. 1031. Neither can there be any contention in the instant case that the roadway is a public highway, either by use for 20 years (§36-1807 Burns 1933, §8770 Baldwin's 1934) or by dedication.

Appellants contend further that there is absolutely no record evidence that appellee is the owner of the land for which she seeks a means of ingress and egress. Here, the only controversy is as to the right to an easement, the title to which appellee asserts to be in her as an appurtenant to her real estate. The source of her title to her land is not directly involved.

The parties stipulated "that the common grantors, each of the parties to this real estate involved in this estate, were Philip Macklin, Sr., and George W. Macklin, and that the common source of title to the real estate involved in this case are said parties."

John Kraner testified that his father and mother lived on the old Kraner farm; that his father became the owner of the west half of the northeast quarter of the southwest quarter after his mother's death; and that his sister, Mrs. Armantrout, became the owner after his father's death.

Appellant Murlie Switzer testified that Mrs. Armantrout received her deed to the 20 acres (being the real estate immediately east of appellee's land) the latter part of May, 1935.

Appellants have assigned as error the action of the trial court in overruling their demurrer to the third paragraph of complaint. The first and second paragraphs of complaint were upon the theory that the private roadway over appellants' lands was acquired by prescription. There was no demurrer addressed to either the first or second paragraphs of complaint. The trial court based its judgment upon the finding that appellee was entitled to an appurtenant easement acquired by prescription. Since the judgment was based upon the first and second paragraphs of complaint, the error, if any, in overruling the demurrer to the third paragraph of complaint is not available to appellants.

It is true that the description of the easement in the first paragraph of complaint was not correct, in that the roadway was described as being entirely on the south side of the quarter section line, instead of extending on both sides of said quarter section line. The description of the easement in the second paragraph of complaint is substantially correct, however. Furthermore, there was no objection made to the plead-

ing, nor to the introduction of any evidence, and on appeal the pleading will be deemed to have been amended to conform to the evidence (§2-1063 Burns 1933, §168 Baldwin's 1934), if the description is pointed out with such certainty that, when carried into the decree, the judgment of the court would become effective without extraneous evidence. *Sheffer* v. *Hines* (1898), 149 Ind. 413, 49 N. E. 348.

As a part of the judgment, the trial court ordered, adjudged and decreed that appellee erect, maintain, and operate a gate at the east end of said roadway, to be kept closed by appellee as in the usual and ordinary manner as to farm gates, whereupon appellee moved the court to modify the judgment by striking out so much thereof as imposes a burden to erect, maintain, and operate a gate. This motion was overruled, excepted to, and appellee has assigned as cross-error the action of the trial court in overruling her motion to modify the judgment.

Appellee insists that there is no authority in fact or in law to burden the easement by requiring her to maintain a gate at the east end of the private roadway, and that she is entitled to reach her real estate the same as if it abutted upon a public highway. The correct rule has been quoted by our Supreme Court in the case of *Fankboner* v. *Corder, supra* (p. 168) : "If the way has been gained by prescription, and no gates or bars have ever been erected during the requisite term, it would seem from the analogies of the law that none can afterwards be erected, since the extent of the use is the measure of the right."

The evidence discloses without dispute that the right of way in question had been unobstructed for more than 20 years before the commencement of this action; that no burden of erecting, maintaining, or operating a gate had existed; that appellant Murlie Switzer, upon receiv-

476

ing her deed for the land immediately east of appellee's land, on September 4, 1934, constructed a fence along the east side of her land, erecting a wooden post at the north end, leaving an opening 16 feet wide between the two end posts; that this entrance was closed by placing two poles across it, permitting her to pasture the enclosure; that thereafter, and subsequent to the attempts of appellee's husband to go through the opening after the poles were placed there, a gate was erected and padlocked, whereupon the present action was instituted the following day.

·We think that the evidence was insufficient, under the above rule, to burden the easement by requiring the erection and maintenance of a gate. To this extent the judgment of the trial court should be modified.

The trial court is ordered to modify its judgment to the extent of relieving appellee of the duty of erecting and maintaining a farm gate at the east end of the roadway. With this modification the judgment is affirmed.

DeVoss, J., not participating.