DeSHIELDS ET AL. *v.* JOEST ET AL.

[No. 16,528. Filed May 27, 1941. Rehearing denied June 24, 1941. Transfer denied September 18, 1941.]

384

William D. Hardy, of Evansville, for appellants.
Ollie C. Reeves, of Evansville, for appellees.

STEVENSON, J.—The appellees brought this action against the appellants to enjoin the obstruction of a highway.

The complaint was in two paragraphs. The first paragraph of complaint alleged an obstruction of a public highway; and the second paragraph of complaint alleged an obstruction of an easement, consisting of a right of way over and across the lands of the appellants. Both paragraphs of complaint asked for an injunction restraining the appellants from obstructing this roadway.

Upon the issues formed by an answer in general denial, the case was submitted to the court for trial. The court, after hearing the evidence, found for the appellants on the first paragraph of complaint, and found for the appellees on the second paragraph of complaint. Upon this finding, judgment was entered in favor of the appellees; and the judgment ordered that the appellants be permanently enjoined from interfering with such roadway; and it was further ordered that the appellants should remove and take down the obstructions placed by them across such roadway. Motion for new trial was filed and overruled; and this appeal has been perfected. The error assigned on appeal is the alleged error in overruling the appellants' motion for a new trial.

Under this assignment of error, the appellants contend that the finding of the court is not sustained by sufficient evidence and is contrary to law. It is the contention of the appellants that the evidence is wholly insufficient to establish a right of way by prescription across the appellants' land.

The evidence discloses that, at the time of the bringing of this action, the appellees were the owners of forty acres of real estate in Vanderburgh County, Indi-

ana. This real estate was located south of state highway number 62, and east of a county road running south from state highway number 62, known as the Selzer road. This real estate lies about one quarter of a mile back from the Selzer road. To reach it, it is necessary to cross the lands owned by other persons. The appellants own the land adjacent to the Selzer road; and at the time this land was purchased by the appellees in 1932, a well defined roadway extended from the Selzer road across the appellants' lands, and to the appellees' real estate. No gates obstructed this roadway at the time the appellees purchased the real estate, and the gates in question were not erected until about one month prior to the bringing of this action. There is no other roadway near the appellees' land, and this road in question is the only means of egress and ingress from the appellees' land to the public highway. The evidence discloses that the appellees and former owners of the land and others seeking egress and ingress thereto had used this passageway for more than fifty years; and there is evidence that no gates or obstructions had ever been erected until the appellants erected the gates involved in this law suit.

There is evidence that in the beginning this road extended from the Selzer road on beyond the lands of the appellees and again intersected the lower Mt. Vernon road. The appellees and the owners of their real estate before them and the public used this roadway; and this right to use was never denied until shortly before the bringing of this action. The appellees contend that they have acquired this right of way by prescription, and contend that the evidence is sufficient to sustain the court's finding and judgment.

The rules of law with reference to easements by prescription are well established.

"One may acquire an easement in the lands of another by prescription. To establish the existence of such easement he must show a continuous, uninterrupted, adverse use, under claim of right, and with the knowledge and acquiescence of the owner of the land. By continuous and uninterrupted use is meant use not interrupted by the act of the owner of the land, or by voluntary abandonment by the party claiming the right. It is not necessary that the use should have been continuous in the person asserting the right. It will be sufficient if such use has been continuous in him and those under whom he claims. If there has been the use of an easement for twenty years, unexplained, it will be presumed to be under a claim of right, and adverse, and be sufficient to establish a title by prescription, and to authorize the presumption of a grant, unless contradicted or explained." *Fankboner* v. *Corder* (1890), 127 Ind. 164, 166, 26 N. E. 766. See also *Switzer* v. *Armantrout* (1939), 106 Ind. App. 468, 19 N. E. (2d) 858.

The appellants contend, however, that the evidence in this case conclusively establishes that the appellants' land over which this easement is sought is wild, unenclosed woodland, and that because of this fact, the presumption that the use is under claim of right and adverse, does not apply. The appellants contend that, under such circumstances, the presumption is that the use is merely permissive, and not adverse and not under claim of right. See *Stringham* v. *Chicago, etc., R. Co.* (1924), 81 Ind. App. 20, 141 N. E. 247. The evidence is not free from conflict on this point. Witnesses testified that more than fifty years ago the road was used for hauling timber, cut from the woodlands in this neighborhood, to market. There is evidence that, "up until several years ago, this was all what might be called wild wooded land." However, there is also evidence to the effect that people have lived on these various tracts of land for more than sixty years, and that the lands have been used for agricultural purposes.

It was, therefore, a question of fact, for the trial court to determine, whether or not the appellants' real estate was such wild, unenclosed lands as gave rise to the presumption that the use was permissive rather than adverse. The court having found that the use of the way in question was adverse and under claim of right, its finding will not be disturbed by this court on appeal. *Switzer* v. *Armantrout, supra.*

Appellants further contend that the evidence discloses that the use of the way in question was common to all persons living in this neighborhood, and, therefore, not such an exclusive use, continuous and uninterrupted, in the appellees as is necessary to create a prescriptive right.

"By *exclusive,* the law does not mean that the right of way must be used by one person only, because two or more persons may be entitled to the use of the same way, but simply that the right should not depend for its enjoyment upon a similar right in others, and that the party claiming it exercises it under some claim existing in his favor, independent of all others. It must be *exclusive* as against the right of the community at large.

"Nor does the law mean by '*an uninterrupted and continuous enjoyment,*' that a person shall use the way every day for twenty years, but simply that he exercises the right more or less frequently, according to the nature of the use to which its enjoyment may be applied, and without objection on the part of the owner of the land, and under such circumstances as excludes the presumption of a voluntary abandonment on the part of the person claiming it." *Cox and Wife* v. *Forrest* (1882), 60 Md. 74, 80.

The use of the way in question by the appellees and the former owners of the appellees' land as a means of

access thereto, if continuous, uninterrupted, and under claim of right for a period of more than twenty years, gives rise to an easement by prescription. It is not necessary that the use be limited to the appellees and their predecessors in title; so long as the appellees' right to the exercise of the easement does not depend upon a like right in others, such continued use may ripen into an easement in their favor. *Schmidt* v. *Brown* (1907), 226 Ill. 590, 80 N. E. 1071; 9 R. C. L., p. 773, § 33.

It is our opinion that the evidence is sufficient to establish an easement in favor of the appellees.

Our attention is called to an error in the description of the real estate involved, as it appears in the appellees' complaint. The correct description of the land involved was stipulated in evidence by the parties, and the correct description of the land was carried forward in the judgment. The complaint will, accordingly, be deemed amended on appeal to conform to the evidence. *Switzer* v. *Armantrout, supra;* § 2-1063, Burns' 1933.

The court, accordingly, committed no error in overruling appellant's motion for a new trial.

Finding no reversible error, the judgment of the trial court is affirmed.

NOTE.—Reported in 34 N. E. (2d) 168.