COFFMAN ET AL. *v.* STATE EX REL. EDWARDS ET AL.

[No. 17,982. Filed October 24, 1950. Rehearing denied January 26, 1951. Transfer denied March 28, 1951.]

*Chauncey W. Duncan,* of Rushville, and *Frank Hamilton,* of Greensburg, for appellants.

*Paul Brown, James W. Brown;* and *Brown & Edwards,* all of New Castle for appellees.

BOWEN, J.—This is an appeal from a judgment in an action instituted by appellee, Frank A. Edwards, to mandate his co-appellee, Clyde C. Harned, as Trustee of Franklin Township, Henry County, Indiana, to perform his duties, as such trustee, with reference to the erection and construction of a partition line fence separating the land owned by said Edwards and the appellants, pursuant to the statute. The above mentioned land was erroneously described in the notice given by appellee Edwards, the pleadings, and the findings of the court as being in the northeast quarter of Section thirty four (34), Township sixteen (16) North Range ten (10) East instead of the northwest as disclosed from an examination of the evidence.

The issues were joined upon an amended complaint, the answers of appellants and appellee trustee and reply thereto, and a cross-complaint by appellants asking for a declaratory judgment establishing the duty of maintaining said partition fence in appellee Edwards as to forty rods of fencing along the west half of the partition line between the land of appellants and twenty acres of land subsequently purchased by appellee Edwards from the Morgan heirs.

The cause was submitted to the court for trial without a jury, and, as requested, the court found the facts specially and rendered its conclusion of law thereon in favor of appellee, Edwards, and against the appellants, Coffman and Coffman. Upon their cross-complaint judgment was rendered mandating the appellee trustee to perform his duties to cause to be erected and constructed such partition line fence described in the complaint.

Errors assigned for reversal are that the court erred in each conclusion of law; that the court erred in overruling appellants' motion for a new trial based upon the specifications that the finding and decision of the

court is not sustained by sufficient evidence and is contrary to law.

It appears that the appellants owned 160 acres of land which they acquired by purchase from one Tuly Sharp in 1939. That appellee Edwards in 1939, acquired twenty acres of land which adjoined the aforementioned land of appellants' and on the north line thereof for a distance of eighty rods. Later, in 1943, the appellee Edwards acquired from the Morgan heirs twenty additional acres of land which were immediately east of the first twenty acres acquired by him, and the south line of said second twenty acres adjoined the north line of appellants' land for a distance of eighty rods. In 1947, the appellee Edwards constructed a new lawful fence, eighty rods long on the west half of the partition line separating the land of appellants and the forty acres owned by appellee, Edwards. Thereafter, the appellants, Coffman and Coffman, constructed a new lawful fence forty rods long on the east half of the east half of the partition line dividing the lands of appellants and appellee Edwards. The appellants refused to construct a line fence along the west half of the east half of the division line between the forty acres of land owned by appellee and the land of appellants.

The basis of appellants' refusal to build a line fence along the west half of the east half of the division line between the land of appellee Edwards and the appellants was the contention that the west eighty rods of partition line between the first twenty acres acquired by appellee Edwards and the land of appellants had been divided for fencing whereby Edwards maintained the forty rods on the west end of said partition line and the Coffmans allegedly maintained forty rods of fence immediately to the east thereof, and that one Morgan family owned the twenty acres acquired by appellee Edwards immediately east of said first twenty

acres which adjoined the lands of appellants on the north thereof for a distance of eighty rods, and that the partition fence between the Coffmans and the Morgan heirs had been divided whereby the said Morgans maintained forty rods of fencing on the west end of the partition line of said Morgan's land and appellants' land, and that Coffmans maintained the forty rods of fence between Coffmans and Morgans at the east end thereof.

The appellants contend that prior to 1947, the partition fence had been constructed and maintained between the various owners as provided by Section 30-202, Burns' 1949 Replacement, and that the division of the fence as allegedly made under the statute when the two tracts, later acquired by appellee Edwards, were owned by different persons, continued to exist between Coffman and Edwards after Edwards acquired both tracts.

One of the major contentions of the appellants in support of their assignment of error is that such partition fence was once divided by virtue of the provisions of the statute, Burns' 1949 Replacement, § 30-202, and the actions of the respective parties, when Coffmans owned the land on the south and Edwards and the Morgan heirs owned the two twenty acre tracts on the north; that Edwards acquired the Morgan land and had full knowledge of the facts as to the manner in which the partition fence had been, and was then being maintained by the respective parties, and that such division continued after the change in ownership of the east twenty acres from the Morgan heirs to Edwards.

The facts of the present case do not present the situation of an alleged oral agreement for the maintenance of a partition fence contrary to the manner of division as set· forth in the statute, but from a con-

sideration of the briefs and assignments of error, it would seem that the question presented by reason of the issues and the evidence is one as to the application of the statute.

The appellees insist that the manner of division set forth in the statute only applies to the adjoining land owners as of the date the statute is invoked. The appellant persuasively urges that once a partition fence is divided and maintained between adjoining land owners and fences are built in accordance with the statute, a change in ownership of the land with notice of such previous manner of division and acceptance thereof by a subsequent grantee, does not change such previous division, and it remains in law.

However, when we examine appellants' contention in the light of the evidence, we cannot on appeal say that the court erred in failing to find and conclude from the evidence that the fence had been constructed and maintained as contended for by appellants. There was evidence that the appellee Edwards had made some repairs at various points along the entire length of the partition fence. There is some evidence to show that the appellants constructed and maintained the second forty rods of fencing from the west and the forty rods on the east end of the second twenty acres purchased by Edwards from the Morgan heirs. However, the evidence of the knowledge of the appellee Edwards of the manner in which such partition fence had been maintained between the appellants and the Morgan heirs, Edwards' grantor, and Edwards' acceptance of such division was not sufficient to justify this court to overrule the finding of the trial court in this regard. Had the evidence clearly and undisputedly shown that a division had been made whereby Edwards maintained the first forty rods of fence, the appellants the second forty rods, the Morgan heirs and Edwards

the third forty rods, and the appellants the fourth forty rods on the east, and that the respective parties, including the appellee Edwards had continued to maintain such division and had built and repaired the fences in accordance therewith, a different question would be presented.

The location of the partition fence was incorrectly described, in that the notice served by appellee Edwards referred to the fence separating the lands of appellants and appellee Edwards as being on the south line of the northeast quarter of Section 34, Township 16, north Range 10 East, instead of the northwest quarter of such Township, section, and range aforesaid. The appellants generally appeared to the cause of action, and filed a cross-complaint presenting their claims on the merits without objection to the notice. The same erroneous description is found in both paragraphs of answer and in the cross-complaint filed by appellant. The appellants admitted they owned the land south of the south line of the northeast quarter and that the lands of appellee and appellants are adjoining. Such erroneous description was also set forth in the findings of the lower court.

The deed records of the conveyances of the various parcels of real estate admitted into evidence by stipulations and defendant's Exhibit 7 shows the partition fence in question to be on the line between the northwest quarter and southwest quarter of such section. Such evidence correctly described the location of the lands between which such fence was located, and no question was presented in the trial court as to the description of such land and partition fence.

No variance between the allegations in a pleading and the proof is to be deemed material, unless it has

actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits, and where the variance is not material the court may direct the fact to be found according to the evidence. Burns' 1946 Replacement, Sections 2-1063, 2-1064; *Krewson* v. *Cloud* (1873), 45 Ind. 273; *DeShields et al.* v. *Joest et al.* (1941), 109 Ind. App. 383, 34 N. E. 2d 168.

For the reasons given herein, this cause is remanded to the trial court with instructions to amend the findings as to the description of the land in question to conform to the proof, and when so amended, the judgment is affirmed.

Royse, J., and Draper, J., not participating.

NOTE.—Reported in 94 N. E. 2d 547.