ALSMAN ET AL. *v.* MATTHEWS ET AL.

[No. 18,511. Filed November 1, 1954. Rehearing dismissed December 8, 1954. Petition to reconsider denied December 15, 1954.]

*Cecil C. Tague, Sr.,* of Brookville, and *O. B. Hanger,* of Indianapolis, for appellants.

*O. W. Hubbard* and *James P. Mullin,* both of Brookville, for appellees.

KELLEY, P. J.—This action was instituted by the appellees against the appellants on June 27, 1951, seeking to have "declared" by the court a right of way in favor of appellees across appellants' land and to perpetually enjoin appellants from closing the same or interfering with appellees' free use thereof. Appropriate pleadings closed the issues.

The court, after hearing the evidence, found for appellees and entered judgment that appellees have and hold an easement over and across appellants' land.

The judgment further ordered that the appellants be perpetually enjoined from in any way obstructing said "easement" or closing the same or from interfering with appellees' free use "of said easement and roadway."

Appellants' motion for a new trial was overruled and, from this action of the court, this appeal is prosecuted, the contention being that the finding of the court is contrary to law and is not "fairly supported by the evidence." We forego any consideration of the sufficiency of the latter specification as the appellees have not adverted thereto.

The record before us is rather cloudy and indefinite as to the exact and relative location of the property belonging to the respective parties to this appeal. Except for a penciled scale map of what is referred to by the Franklin County Surveyor as the "Smith" property, we are not assisted, in any material respect, by charts, maps, or drawings.

Apparently the court and the parties were sufficiently acquainted with the tracts of land, roadways, and

points involved, for there appear no objections to generalities in the evidence nor attempts by either side to definitely locate places, farms, buildings, entrances, and other points generally referred to in the evidence.

Accepting, as we must, the evidence most favorable to the appellees, the record fairly discloses that appellees are the owners of land lying in part north of and in part south of U. S. Highway 52, a short distance from the village of Metamora in Franklin County, Indiana, which land they had acquired about the year 1919. Appellees live on that part of their land which lies south of said highway. That portion of their land lying north of said highway consists of 85 acres of pasture land and 5 acres of bottom land. Prior to May, 1930, said Highway 52, at the locale involved in this action, extended northeasterly for a distance over a hill and then turned southeasterly down the hill. From 1919 to May, 1930, appellees reached their pasture land for the care of the cattle and milking purposes, by daily walking or driving by automobile, from their home to said highway, then proceeding easterly upon and along the same to a gate which formed the entrance to a fenced-in tract of land referred to in the evidence as the Smith land. By following a lane across the Smith land for a distance of approximately 118 feet, appellees' pasture land was arrived at.

In May, 1930, that stretch of said Highway 52 extending up, over, and down the hill was relocated to a position south of its original course and so that it extended more generally in an easterly and westerly direction, thereby eliminating the necessity of going over the hill. The new portion of said Highway 52, as it extended to the west, joined with the old Highway 52 at a point west of the property of appellants and appellees and, as it extended eastward, converged with

said old Highway 52 at a point near the base of said hill to the east of appellees' said home property.

The land owned by appellants, referred to in the evidence as the Hearthstone, lies along the north side of said Highway 52, as relocated, and includes the ground covered by said old Highway 52 as it extends up in a northwesterly direction from the juncture of said old and new portions of said highway at the eastern base of said hill, to and past the aforesaid gate used by appellees.

In May of 1930, appellants' said land was owned by one Alonzo Wilson, who conveyed to one Lola Martindale in 1933 and she, in June of 1933, conveyed to four individuals "for right of way purposes only" the said roadway of old Highway 52 which was described in her deed as "the old Brookville & Metamora Turnpike." It appears from the testimony of the appellant, Robert C. Alsman, that appellants acquired their said land in 1946 from one Alfred Brown who had acquired it from Emily Barth. The latter testified that she bought the land from said Lola Martindale. Although the various deeds from Lola Martindale down to the appellants are not in evidence, they are referred to as being subject to the aforesaid easement rights granted by her to the individuals named in her deed of June, 1933.

From May, 1930 to June 25, 1951, appellees, to get to said gate and their pasture land for the purposes aforesaid, continued the use, in the manner aforedescribed, of that portion of said old Highway 52 extending northwesterly from its said intersection with the new or relocated portion of said highway at the eastern base of said hill. On said June 25, 1951, appellants obstructed appellees' further use of said highway by placing two automobiles across the same.

Appellees do not contend that they acquired any rights, by prescription or otherwise, prior to the abandonment of said portion of old Highway 52 by the relocation thereof in May, 1930.

Appellants' brief seems to indicate the following contentions in support of the specifications in their motion for a new trial:

(1) That the evidence shows "undisputedly" that the way was one of "convenience" for appellees and not one of "necessity."

(2) That the appellee, Beecher Matthews, signed a petition on August *28*, 1933 to "vacate" the roadway over which he claims an easement and this "automatically relinquished any right or claim, if any, he had acquired" by usage.

(3) That mere use for twenty (20) years or more, "By consent or permission, is not enough to establish a basis for an easement by prescription."

(4) That appellees cannot base their right of easement upon the easement granted by Lola Martindale.

(5) That the evidence "merely shows" that appellees had only a "license to use the driveway" and such license, not being given for a valuable consideration, may be revoked at any time.

(6) That appellees' use was not adverse to appellants or anyone else since the evidence shows "that appellees' use . . . was in common with any member of the public who wanted to use it."

We will engage upon the several contentions of appellants in the order made, but before doing so, we are prone to observe that their brief suffers from a paucity of authorities. Thus have our labors been multiplied and independent research rendered imperative.

1. Appellants' first contention fails to find favor in the evidence. The evidence is not indisputable in the

respect mentioned. Appellee, Beecher Matthews, on direct examination as to his travel over the road in question, testified: "I would have no other way to get in there." We cannot weigh the evidence.

2. With reference to appellants' second contention, the record discloses that on August 4, 1933 there was filed with the Auditor of Franklin County a petition signed by appellee, Beecher Matthews, and eleven others setting forth the abandonment of said old Highway 52 and the reestablishment thereof and recommending that the same (old 52) be vacated as "no longer of public utility." Appellants refer us to no authority in support of their conclusion, nor do they advance any reasons to sustain their contention that the signing of said petition relinquished said appellees' right or claim to the asserted easement.

Under the provisions of §23, ch. 53, Acts 1919, p. 131, in force in May, 1930, and in accord with the holding of October 8, 1930 in the case of *Clarke et al.* v. *State* (1930), 95 Ind. App. 667, 670, 173 N. E. 233, the old portion of said Highway 52, upon the relocation thereof, became abandoned as a state highway and as a *public highway,* and the *public easement* to travel thereon was terminated. Thereafter said abandoned section of said highway became amenable to the establishment of private rights of way thereon, the same as other land. 1 Am. Jur. 851, §106, Note 3.

Since said petition sought only to have the commissioners declare vacated as no longer of "public utility" that portion of the highway which, under the law, had been already abandoned as a public way by reason of the relocation thereof, it is difficult to perceive how the mere signing of said petition by said appellee

can be construed as a relinquishment of appellees' asserted right of private way or as interrupting the continuity of their use enjoyment.

The parties stand in opposition as to whether or not said petition was legally acted upon by the county commissioners, but it appears immaterial. The proceedings and determination of the board are immune from collateral attack in this action. If it be conceded that the board rightfully acquired jurisdiction and pursued the necessary steps leading to an order of vacation of the abandoned road, the appellants have not indicated how such act could be held to impair the claim of adverse user of the way by appellees.

3. Appellants' third contention appears to be a stated principle of law without a root in the evidence. Our search discloses no evidence in the record, and the appellants refer us to none, which establishes any express or implied "consent or permission" given or extended by appellants or their predecessors in title to appellees for the use of the way. The evidence, and permissible inferences deductible therefrom, clearly shows that appellees' use of the way from May, 1930 to June 25, 1951, was continuous, uninterrupted, with claim of right, and with the knowledge and acquiescence of appellants and their predecessors in ownership. That the use was adverse may be reasonably inferred from the circumstances and situation of the parties as disclosed by the evidence. Further, that the user was adverse and under claim of right will be presumed from the fact, established by the evidence, of unexplained and uncontradicted continuous user by appellees for more than 20 years. *DeShields et al.* v. *Joest et al.* (1941), 109 Ind. App. 383, 387, 34 N. E. 2d 168, 170; *Fankboner* v. *Corder* (1891), 127 Ind. 164, 167, 26 N. E. 766, 767.

Appellants apparently seek to impress upon us, without citation of any authority, that as the evidence fails to show "any objections or complaints from anyone, including the appellants," appellees' use of the way was with the permission and consent of appellants and the previous owners and, therefore, was not adverse or "inconsistent with appellants' ownership." To this it suffices to say that appellees established by their evidence facts and circumstances sufficient to constitute prima facie proof of continuous adverse user under claim of right for the requisite period of time. The burden then fell upon appellants to rebut such prima facie case by evidence showing that such use was merely permissive or by proof of such sufficient facts as would warrant a reasonable inference that such use was permissive. *Smith et al.* v. *Ponsford* (1915), 184 Ind. 53, 110 N. E. 194, 195. The record fails to disclose that appellants made any effort to sustain that burden. Appellants, themselves, in their brief, evidence some confusion on this question for they say that "After old Highway 52 was changed, appellees travelled up New Highway 52 to the Hearthstone (appellants' restaurant) and then traveled on what used to be Old Highway 52 to a gate to reach their pasture land, until they were stopped from doing so by appellants on June 25, 1951," and *"This shows conclusively that appellees did not have the permission or consent* of any of the owners of the properties involved to use said highway." (Emphasis supplied.)

4. With reference to this, the fourth, contention of appellants, it does not appear that the court predicated its finding and judgment upon the easement granted by Lola Martindale to the four grantees named in her deed of June, 1933. The finding of the court was "That the plaintiffs (appellees) herein by continuous use for

a period of more than twenty (20) years have acquired an easement over and across said real estate . . ."

5. Appellants point out no evidence in the record to support their fifth contention that the evidence "merely shows that they (appellees) had a license to use the driveway," and we find none. Consequently, the record is barren of any evidence concerning consideration, or want of consideration, for any such license. Nor does our survey of the entire record evidence evince any facts or circumstances which would give substance to any theory of an implied license.

6. Appellants' final contention finds much similarity with the contention considered in points 5, 6, 7, and 8 of the opinion in *DeShields et al.* v. *Joest et al.* (1941), 109 Ind. App. 383, 388, 389, 34 N. E. 2d 168, 170, *supra*. There is evidence in the present record that persons other than appellees used the way here involved. However, there appears no evidence nor any facts or circumstances tending to establish that appellees' enjoyment of the right of way was dependent upon or limited by a similar right in other users of the way. On the contrary, the facts established by the evidence warranted the court in concluding, as it apparently did, that appellees exercised their asserted right of user as one particularly and exclusively their own, independent of and without regard to the use of said roadway by others. The fact that other persons also used the roadway, does not prevent appellees' user from being exclusive. *DeShields et al.* v. *Joest et al.* (1941), 109 Ind. App. 383, 388, 34 N. E. 2d 168, *supra*.

We find nothing in appellants' several contentions which impel us to the conclusion that the decision of the court is contrary to law. We have carefully ex-

amined the evidence and consider it sufficient to sustain the court's finding.

Judgment affirmed.

NOTE.—Reported in 122 N. E. 2d 145.