GRIFFITH ET AL. *v.* NEFF ET AL.

[No. 19,924. Filed March 16, 1964.]

*George R. Tolen, Jr.,* of Shelbyville, for appellants.

*Brunner, Brown & Brunner,* of Shelbyville, for appellees.

MOTE, J.—This is an appeal from a judgement and decree quieting the title to an easement twelve (12) feet in width, over a certain tract of land owned by appellants and located in the city of Shelbyville. The judgment and decree also required appellants to remove any obstruction placed upon said easement and enjoined the transfer in the future of appellees' established rights. The issues were presented by complaint and answer. The trial was had to the court, without jury. Upon the entry of the judgment a motion to modify the same was filed and overruled.

Motion for new trial was presented and overruled, after which this appeal was brought.

Appellants assigned four (4) errors but in their brief argue only two, which are:

(1) Overruling of appellants' motion for new trial.
(4) Overruling appellants' motion to modify the judgment.

In their argument appellants present but three specifications of error under their motion for new trial, as follows:

Specification 1. The finding of the court is not sustained by sufficient evidence. Ground 1. Motion for new trial.

Specification 2. The finding of the court is contrary to law. Ground 2. Motion for new trial.

Specification 3. Overruling appellants' motion to modify the judgment. Ground No. 6 and Ground No. 7 through 21. Motion for new trial.

Specification No. 1, to-wit: the finding of the court is not sustained by sufficient evidence, raises the question as to whether there is substantial evidence of probative value which supports the finding. Specification No. 2, which is that the finding is

contrary to law, under modern decisions, does present a question, inasmuch as the word "finding" and the word "decision" generally may be considered to have the same import on appeal.

Appellants have grouped Specification No. 1 and No. 2 in their argument, and have discussed (1) the elements necessary to establish prescriptive right; (2) adverse use; (3) continued and uninterrupted use; (4) claim of right; and (5) knowledge and acquiescence, citing authorities upon these subjects.

Appellants contend that the record discloses a complete lack of evidence which would tend to show either an adverse character of appellees' use, or continuous use for the requisite statutory period of time. Both of these elements are essential prerequisites to an establishment of a right by prescription. *De Shields et al.* v. *Joest et al.* (1941), 109 Ind. App. 383, 34 N. E. 2d 168.

Appellants base the contention as to lack of adversity on the proposition that the use was with permission. Appellants, in support of their proposition, assert that there can be no adversity in using the land of another by merely passing over it, and they therefrom conclude that the use was permissive. We must disagree with this contention. Open and continuous use of another's land with knowledge on the part of the owner, is presumed to be adverse to the owner. See *Smith et al.* v. *Ponsford* (1915), 184 Ind. 53, 56, 110 N. E. 194. This is a rebuttable presumption, but the owner, in this case the appellant, must overcome the presumption. See 4 Tiffany, *Real Property*, §1196 a (3 Ed. 1939). Appellants have failed to do so.

Appellants further contend that the use of the property was not shown to be continuous for the requisite

statutory period. We are of the opinion that there is sufficient evidence of probative value to establish the necessary element of continuity of use. It is not necessary that the use be exercised constantly and without intermission. *De Shields et al.* v. *Joest et al., supra;* see also *Lane* v. *Miller and Others* (1867), 27 Ind. 534.

Appellants also assert error in that the evidence does not disclose that the adverse use of appellants' land was under a claim of right. It is sufficient to say that the evidence was such that the trier of the facts could have concluded that the use was under a claim of right and the landowner had knowledge thereof.

The requirement of claim of right does not involve any necessity of a verbal assertion during the period of use. It is sufficient if an assertion of such claim can be inferred from the surrounding circumstances. 4 Tiffany, *Real Property*, §1198 (3 Ed. 1939). The evidence appears to be in conflict on these points and, therefore, we will not disturb the lower court's findings.

While we do not disagree with the principles of law as announced in the authorities cited, appellants have failed to apply the principles succinctly to the case on appeal and they have failed to demonstrate how and in what manner the trial court erred.

Under Specification 3 appellants attack the overruling of their motion to modify the judgment, depending on Ground No. 6 and Grounds Nos. 7 through 21 of their motion for new trial. Said appellants assert generally that the evidence adduced below required the trial court to specify the rights obtained by appellees under their favorable judgment and de-

cision that they were entitled to an easement. In this respect we conclude that the trial court properly overruled the motion to modify the judgment, inasmuch as there was ample evidence and inferences properly to be drawn from established facts that appellees were entitled as dominant tenants to such an easement over the servient tenants.

Affirmed.

Hunter, P. J., Kelley and Pfaff, JJ., concur.

NOTE.—Reported in 196 N. E. 2d 757.