FRYE ET. AL *v.* GIBBS & REYNOLDS, ETC., ET AL.

[No. 20,138. Filed January 20, 1966. Rehearing denied February 23, 1966. Transfer denied May 11, 1966.]

*John H. Baldwin,* of Indianapolis, for appellants.

*Willis Hickam,* of Spencer, and *John O. Moomaw,* of Bloomfield, for appellees.

WICKENS, J.—This proceeding was instituted by appellant to contest the will of Henry V. Frye. It was tried without a jury and resulted in a decision that the will was valid.

The complaint, as amended, alleged in paragraph one the undue execution of the will in that the signature was forged. In the second paragraph it averred "the alleged will was purposely executed under duress and was obtained by fraud." We will assume the latter is sufficient to attack the will for fraud.

The only two assigned errors discussed are that the trial court sustained a motion for a finding for appellees on the

second paragraph of complaint at the close of plaintiff-appellants' evidence and secondly that the decision is contrary to law.

Appellants say that in support of the second paragraph they introduced evidence of a handwriting expert who testified, after examining the will and comparing it to many exhibits, that in his opinion the Henry V. Frye signature admitted on the various exhibits was not the same as the Henry V. Frye signature found on the will; that he pointed out discrepancies and testified that the signature "has all the earmarks of an imitated or drawn signature." Additionally, appellants claim to have shown by the evidence other circumstances, some of which we can find no relevancy and others of seemingly minor import.

Appellants contend that the motion for a finding for defendant on their second paragraph is the same as a demurrer to the evidence. For that purpose they claim it admits all facts established which are favorable to plaintiff-appellants.

That does not appear to be in accord with Indiana practice. In another case where, as here, the moving party did not attempt to set out the evidence and the motion was not denominated a demurrer to the evidence, our Supreme Court held the motion for a finding was not to be treated as a demurrer to the evidence. The practice of demurring to the evidence was spurned as being obsolete as well as awkward. *Pesch* v. *Gretter* (1940), 216 Ind. 396, 398, 24 N. E. 2d 923; 3 Lowe's Revision, Works' Indiana Practice § 52.27, pp. 273-4 and § 54.55, pp. 392-3.

However, here the trial judge went further than merely ruling on the motion for finding. The record conclusively shows that *all* of the evidence was heard by the court before the actual finding and judgment. The judgment entry made after receipt of all evidence states that: "The court having heretofore sustained defendant's motion for finding . . . and having had this matter under advisement for further finding and judgment, now . . . finds against the plaintiffs on their

complaint and each paragraph thereof. . . ." We find no available error in the ruling on the motion for finding.

The trial judge, as trier of the facts, had every right to indicate on the conclusion of plaintiffs' evidence that in his judicial determination the evidence and inferences therefrom were not sufficient to sustain the allegations of the second paragraph. Whether such evidence established fraud or did not was the judicial question for his determination. Although all evidence was controverted here, even that evidence which is unopposed is not necessarily binding on the triers of fact. Such evidence may be disbelieved and given no weight. *A. S. C. Corporation* v. *First Nat. Bank, etc.* (1960), 241 Ind. 19, 25, 167 N. E. 2d 460; *Myers, Admr. etc.* v. *Wyrick* (1963), 134 Ind. App. 670, 673, 191 N. E. 2d 107.

The motion for finding in a trial before the court is probably an unnecessary proceeding. The court has the duty of making a finding irrespective of the motion. Here the court made the actual and necessary finding at the conclusion of all of the evidence.

The assignment that the decision is contrary to law, also brings into review the decision of the court relating to each paragraph of the complaint. We therefore now consider the trial court's action also as concerned with the charge of undue execution. As has been pointed out, appellants presented evidence that in the opinion of an expert on handwriting, the will did not bear the signature believed to be that of testator. This, and all other evidence, including circumstances in the record we assume was considered by the trial court on the question of undue execution of the will as well as on the charge of fraud. The question of which evidence might apply to the first or to the second paragraph of complaint is argued by appellants. They appear to contend that the court's ruling on the motion for finding had the effect of disregarding certain evidence which they believe sustains the first paragraph. All of the evidence should be

considered together and we are not persuaded that the trial court did other than that. The entry of a general judgment bears out this assumption.

The record also shows that appellees introduced three witnesses who testified that they saw the decedent sign the will. A fourth witness, the testator's banker, also verified the signature on the will.

At most, the testimony on which appellants rely to establish undue execution or fraud conflicts with the direct evidence of three witnesses who testified they were present when the will was signed. In such conflict we may not weigh the evidence nor substitute our judgment for that of the trial court. *Griffith* v. *Neff* (1964), 135 Ind. App. 674, 678, 196 N. E. 2d 757; *Ring* v. *Ring* (1961), 131 Ind. App. 623, 629, 174 N. E. 2d 58.

We cannot say the evidence is without conflict and could lead to but one conclusion and that such conclusion is contrary to that reached by the trial court. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669.

Therefore the decision of the trial court is not contrary to law and the judgment is now affirmed.

Prime, C. J., Carson and Faulconer, JJ., concur.

NOTE.—Reported in 213 N. E. 2d 350.