Charles **BROMELMEIER** and Beverly J. Bromelmeier, Plaintiffs–Appellants,

v.

Gilbert D. **BROOKHART**, Mary A. Brookhart, Ralph W. Stellhorn, and Jean M. Stellhorn, Defendants–Appellees.

No. 76A03–9002–CV–45.

Court of Appeals of Indiana, Third District.

April 25, 1991.

Allen N. Wheat, Wheat & Stout, Angola, for plaintiffs-appellants.

David Peebles, Fort Wayne, Craig T. Benson, Angola, for defendants-appellees.

GARRARD, Judge.

This case concerns the acquisition of a prescriptive easement to the shore of Crooked Lake. The trial court found the easement had been acquired, but that it did not include the right to maintain a pier. The Bromelmeirs, owners of the easement, appeal this latter determination and the court's refusal to grant them damages due to the easement having been closed by the servient owners.

Brookhart and Stellhorn own neighboring lots that front on the shores of Crooked Lake. The disputed area is a ten foot wide strip between their lots that extends from the road to the lake. Bromelmeirs' lot is directly across the road, and since about 1962 Bromelmeirs and their predecessors in title used the strip for access to the lake and to maintain a pier. In December 1987, Brookhart and Stellhorn purchased the ten foot wide strip and thereafter erected a barrier across it and a no trespassing sign. The following April this suit was commenced.

In extensive findings the trial court determined that Bromelmeiers, who had owned their lot and used the easement since August 1970, had clearly acquired a prescriptive easement to use the ten foot strip for access to the lake. Those findings are not challenged.

The court, however, determined that their prescriptive use did not entitle them to maintain a pier. The court appears to have based this conclusion on two factors: (1) that under the law riparian rights belong to owners and are unavailable to those merely holding an easement; and (2) during two summers of their ownership the Bromelmeiers elected not to place a pier in the lake. We consider both factors.

After the trial court's decision our supreme court decided *Klotz v. Horn* (1990), Ind., 558 N.E.2d 1096. While *Klotz* concerned an express easement, the terms of the grant merely conveyed access to the lake. Thus, the issue in *Klotz* was whether "access" included the right to maintain a pier.

Disagreeing with the court of appeals, the court held that "[m]erely because they

are not riparian owners does not necessarily mean that they, as easement titleholders, cannot *use* the riparian rights of the servient tenant." (Emphasis in original.) 558 N.E.2d at 1096. Thus, the court concluded that "[t]he issue is ... what the [parties] contemplated when they created this easement appurtenant 'for the purpose of access to Eagle Lake.'" 558 N.E.2d at 1098. That intent is to be ascertained by considering extrinsic or parol evidence of their intent.

■ Although the present case does not involve an express easement, under the *Klotz* rationale the purpose and intent of the party acquiring the easement can have no less bearing on the easement's scope. Where adequately demonstrated, the purpose and intent to use the riparian rights of the servient tenant become a part of an easement acquired by prescription.

Therefore, we turn to the evidence and the court's findings in that regard. The court found that Robert Seely, a predecessor in title of Bromelmeiers, purchased their lot in November 1962 and began occupancy in May 1963. He used the strip for walking, boating and swimming. He placed a pier in the lake at the end of the strip, and stored the pier sections on the strip during the winter. The strip was used and the pier was maintained by the occupants that followed Seely. Then Bromelmeiers acquired the property in August 1970. They used the strip and maintained a pier until Brookhart and Stellhorn put up their barrier except during part of 1971 and 1972. The court concluded that Bromelmeiers failed to show the necessary twenty years continuous use of the property for storing and attaching a pier because of this two year period.

■ In reviewing that determination we are mindful of the standard of review that prohibits our reaching a different conclusion unless the finding by the court is clearly erroneous.

The evidence concerning Bromelmeiers' non-placement of a pier in the summers of 1971 and 1972 come essentially from Mr. and Mrs. Ervin Conrad, who at that time owned the parcel now owned by Brookhart.

They testified that at the time Bromelmeiers' pier was in disrepair and they invited Bromelmeiers to use their pier until Bromelmeiers got a new one. Bromelmeiers did so and then again put out their own pier at the strip in 1973.

■ The acquisition of a prescriptive easement may be defeated by a showing that the use was not continuous and uninterrupted for the necessary twenty year period. Either an interruption from an act of the owner of the servient estate or a voluntary abandonment by the adverse user may prevent the easement from ripening. *Faukboner v. Corder* (1891), 127 Ind. 164, 26 N.E. 766.

■ On the other hand, it seems clear that mere intermissions in use of reasonable duration do not prevent acquisition of an easement. *Griffith v. Neff* (1964), 135 Ind.App. 674, 196 N.E.2d 757; *DeShields v. Joest* (1941), 109 Ind.App. 383, 34 N.E.2d 168. Abandonment denotes the subjective element of intent as well as mere nonuse. *Simkin v. N.Y.C. R. Co.* (1966), 138 Ind. App. 668, 214 N.E.2d 661.

■ Furthermore, while enjoyment of an easement will not be extended by implication, *Brown v. Heidersbach* (1977), 172 Ind. App. 434, 360 N.E.2d 614, the proper function of a particular easement should be determined by the purpose it is intended to serve. *N.Y.C. R. Co. v. Yarian* (1942), 219 Ind. 477, 39 N.E.2d 604; *Brock v. B & M Moster Farms, Inc.* (1985), Ind.App., 481 N.E.2d 1106.

■ Following the decision in *Klotz* it cannot be disputed that over the period of years the ten foot strip was used as access to the lake, including the maintenance of a pier for mooring a boat, etc. When so viewed, the court's decision to fragment that purpose by granting the easement for access but denying the right to maintain a pier is clearly erroneous. An intent to abandon cannot be reasonably inferred from mere nonuse for two summers while the old pier was being replaced when it was, in fact, replaced and the use resumed and continued uninterruptedly until 1988.

Accordingly, that portion of the judgment denying Bromelmeiers the right to maintain a pier must be reversed.

Secondly, Bromelmeiers contend the court erred in refusing to award them damages of $250 for the use denied them in 1988. The burden of proof was upon them on this claim and the court determined they failed to meet that burden. Their only assertion on appeal is that they incurred that expense to moor their boat on another lake that summer. Their argument is insufficient to demonstrate the court erred in determining that they failed to carry their burden of proof.

The judgment is therefore affirmed in part, reversed in part and remanded for entry of judgment consistent herewith.

HOFFMAN and SHIELDS, P.JJ., concur.