## CLARK ET AL. v. STOUT ET AL.

[No. 22,405. Filed May 5, 1915. Rehearing denied June 16, 1915.]

COUNTIES.—*Proceedings Before Board of Commissioners.—Appeal.— Affidavit of Interest.*—Under §6021 Burns 1914, §5772 R. S. 1881, governing appeals from orders of the board of county commissioners, any person aggrieved may appeal, and it is only where the person appealing is not a party to the proceeding before the board that he is required to file an affidavit showing his interest and that he has been aggrieved; hence the circuit court erred in dismissing an appeal by a petitioner in a proceeding to construct a levee, commenced before the board of commissioners under §8202 Burns 1914, Acts 1905 p. 580, on the ground that no such affidavit was filed, since the appeal was governed by §6021, supra.

From the Vigo Circuit Court; *Josiah T. Walker*, Special Judge.

Proceedings on the petition of Seth Clark and others for the appointment of appraisers to assess the damages and benefits of a levee construction. From a judgment of the circuit court dismissing an appeal from the order of the board of county commissioners, this appeal is prosecuted. *Reversed.*

*Stimson, Stimson, Hamill & Davis, Harris, Crane & Miller*, for appellants.

*Peter M. Foley* and *Thomas F. O'Mara*, for appellees.

ERWIN, C. J.—This was a proceeding by the Prairie Creek Levee Association, organized under the act of March 5, 1889

(§8202 Burns 1914, Acts 1905 p. 580), before the board of commissioners of Vigo County, asking that appraisers be appointed to assess benefits and damages which would result by reason of the proposed construction of certain levees, ditches and other works to protect from overflow, and to drain certain lands in Sullivan and Vigo counties. This petition was filed on October 3, 1905, and set for hearing on October 21, 1905. The petitioners, the Prairie Creek Levee Association filed with their petition for the appointment of appraisers, what purported to be the petition of a majority of the landowners, residents of said county as provided by §13 of said act. §8214 Burns 1914, Acts 1905 p. 580.

On November 16, 1905, the board of commissioners entered a finding "that said petition does not contain a majority of the resident landowners, including members of the corporations" and dismissed the petition, and ordered that the costs of the proceedings be paid by the petitioners. From this order of dismissal one James T. Reed, a subscriber to the petition of landowners, on November 23, 1905, filed an appeal bond and appealed to the Vigo Circuit Court. In the circuit court appellees filed a verified plea in abatement in five paragraphs and moved to dismiss the appeal. The court sustained the motion to dismiss for the cause set out in paragraph No. 5. From the judgment of the circuit court, this appeal is prosecuted.

The appeal of James T. Reed from the board of commissioners was dismissed by the circuit court on the grounds as shown by the record; "that it does not appear by the record that said James T. Reed has ever filed his affidavit setting forth that he has any interest in the matter decided in said proceedings before the board of commissioners, and that he was aggrieved by the decision of said board in said proceeding." This was error. The only parties who are required to file an affidavit that they are interested and aggrieved by the rulings of the commissioners, are those

who are not parties to the record. The section of the statute governing such appeals is as follows: ''From any decision of such commissioners there shall be allowed an appeal to the circuit court by any person aggrieved; but if such person shall not be a party to the proceeding, such appeal shall not be allowed, unless he shall file, in the office of the county auditor, his affidavit, setting forth that he has an interest in the matter decided, and that he is aggrieved by such decision, alleging explicitly the nature of his interest.'' §6021 Burns 1914, §5772 R. S. 1881. It appears from the record that appellant James T. Reed was a party to the record and was one of the petitioners and landowners, who asked that the commissioners appoint appraisers to assess benefits and damages as provided by §13 of the act under which the proceedings were brought, being §8214 Burns 1914, *supra*, and as such was a party to the record, and his right of appeal was not governed by that part of §6021, *supra*, requiring an affidavit to be filed showing an interest, etc., before an appeal may be had. Appeal is not denied by the act itself in relation to any matter which might arise in relation to such questions as are in issue here, hence the right to appeal is governed by §6021, *supra*.

This judgment is reversed with instructions to the court to overrule the motion to dismiss the appeal from the board of comissioners and to proceed in accordance with this opinion.

NOTE.—Reported in 108 N. E. 770. As to the rights and obligations of owners of dams, see 57 Am. Dec. 684. See, also 25 Cyc. 192; 11 Cyc. 408.