Bruce TILLMAN, Cheryl Reeser, and Janet Blue, Appellants (Respondents Below),

v.

Brian SNOW and Sandy Snow, Appellees (Petitioners Below).

No. 35A02–9007–CV–389.

Court of Appeals of Indiana, Second District.

May 22, 1991.

John W. Bailey, Matheny, Michael, Hahn & Bailey, Huntington, for appellants.

SHIELDS, Presiding Judge.

Bruce Tillman, Cheryl Reeser and Janet Blue appeal the trial court's order enjoining contact with Brian and Sandy Snow or their minor child, Leslie, and from abusing or harassing them or disturbing their peace.

We affirm.

## ISSUES

1. What is the meaning of "abuse" as used in the protective order statutes, IC 34–4–5.1 (1988).

2. Does the evidence support the judgment for a protective order.

## FACTS

Sandy Snow is Leslie's natural mother. Tillman is the child's natural father. After Sandy divorced Tillman she married Brian; Brian adopted Leslie. Reeser and Blue are Tillman's sisters. Tillman had not contacted Sandy for seven and a half years when he wrote her a letter about visiting Leslie. Reeser and Blue contacted the Snows with similar requests. The Snows refused to allow any visits with Leslie.

The Snows sought a protective order against Tillman, Reeser and Blue. At trial Sandy testified to the events precipitating the filing of the petition as well as to her fear of Bruce. He had abused her before and during their marriage. Tillman, Reeser and Blue claimed they did not make any threats in their contacts with the Snows and testified they would not make further attempts to contact Leslie. The trial court granted the permanent protective order; Tillman, Reeser and Blue appeal.

## DISCUSSION

### I.

Tillman, Reeser and Blue argue the trial court erroneously expanded the statutory definition of "abuse" to include · conduct other than that which would cause bodily injury or property damage.

A person may petition for a protective order if the person or the person's property has been abused by another. IC 34–4–5.-1–3 (1990 Supp.). "Abuse" *includes* conduct or threatened conduct that if completed would cause bodily injury or damage to property. IC 34–4–5.1–1 (1988). "Bodily injury" is any impairment of physical condition, including physical pain. IC 35–41–1–4 (1988).

▇ In construing a statute words should be accorded their plain and ordinary

meaning, *Barr v. Sun Exploration Co., Inc.* (1982), Ind.App., 436 N.E.2d 821, and when the legislature provides a definition of a word courts are bound by it regardless of other possible meanings attributable to the word. *Ware v. State* (1983), Ind.App., 441 N.E.2d 20. IC 34-4-5.1-1 does not contain the exclusive definition of the term "abuse" as evidenced by the use of the term "includes", a non-exclusive term. Accordingly, we conclude the term "abuse" further includes mental abuse such as that caused by harassing conduct or conduct that disturbs the peace of another person. This definition is supported by IC 34-4-5.-1-5 which specifically authorizes the trial court to issue an order prohibiting a person from harassing or disturbing the peace of another person. IC 34-4-5.1-5 (1990 Supp.).

 Tillman, Reeser and Blue also argue the Snows failed to prove by a preponderance of the evidence they were abused. *See* IC 34-4-5.1-5(a) (1990 Supp.).

The evidence is that Blue telephoned Sandy and asked if she and Reeser could visit the child. Sandy refused. She explained Leslie had been adopted by Brian and was no longer part of Blue's family. Reeser and Blue sent letters stating they wanted to see Leslie, that they were going to write to her, that Tillman was coming to see her and that Sandy could not stop him. Tillman also wrote Sandy a letter stating, "I want to see my daughter and I will," record at 40, and that he would resume paying child support. Blue wrote Sandy a second letter informing her she would be writing often, that Tillman would be coming to see Leslie and that she had a map to her home. Tillman, Reeser and Blue have no legal relationship to Leslie because she has been adopted by Brian. Although Sandy admitted no one threatened to hurt her physically or damage her property, she stated she felt Leslie's safety was threatened and she was fearful of Tillman. The trial court found these contacts were sufficient to constitute mental abuse and harassment and disturbed the peace of the Snows. We find no error in that conclusion.

## II.

 Tillman, Reeser and Blue also argue the injunction as it relates to Leslie denies them due process because Leslie was not a party to the action and the issue was not before the court. This argument has no merit. The Snow's petition for the protective order clearly indicates contacts with Leslie by Tillman, Reeser and Blue were a primary source of the abuse about which the Snows were concerned. As Leslie's parents and natural guardians, the Snows are responsible for Leslie's well-being and best interests and reasonably suffer mental abuse if either or both are threatened. Further, Tillman, Reeser and Blue made no objection at trial and cannot show prejudice as the record evidences their contact with Leslie was the central issue at trial. There was no surprise; there is no error.

Judgment affirmed.

GARRARD and MILLER, JJ., concur.