**DEJA VU OF HAMMOND, INC.,**
**Appellant–Defendant,**

v.

**CITY OF LAKE STATION,**
**Appellee–Plaintiff.**

No. 45A03–9701–CV–2.

Court of Appeals of Indiana.

June 26, 1997.

---

Norman L. Burggraf, Jr., Joseph M. Skozen, Lucas, Holcomb & Medrea, Merrillville, for appellant.

John M. Pangere, Gary, Kathleen M. Belzeski, Crown Point, for appellee.

## OPINION

GARRARD, Judge.

### STATEMENT OF THE CASE

Deja Vu of Hammond, Inc. ("Deja Vu") appeals the trial court's grant of a prelimi-

nary injunction in favor of the City of Lake Station (the "City"), enjoining Deja Vu from operating the portion of its premises known as "Bare-ly Legal." The sole issue presented for our review is whether the trial court erred when it construed the Lake Station Zoning Ordinance (the "Ordinance"), and concluded that Deja Vu violated the Ordinance.

We affirm in part and reverse in part.

### FACTS AND PROCEDURAL HISTORY

Deja Vu operates a tavern/restaurant located on the parcel of property known as 2491–2499 Ripley Street in Lake Station. Since 1992, Deja Vu's business has featured entertainment by scantily-clad dancers who perform during business hours. Until June of 1993, Deja Vu's business was a lawful and permitted use located in a C–2 zoning district. However, effective June 1, 1993, the City enacted a Zoning Ordinance which created a new B–4 zoning district designated as "Commercial Entertainment." Because Deja Vu did not comply with the requirements applicable to the new zoning district, Deja Vu became a lawful non-conforming use.

In 1996, Deja Vu extended its business through the renovation of the lower level of its existing building. The renovated lower level of the premises is a room known as "Bare-ly Legal," and offers cabaret style adult entertainment similar to that offered by the original business. In addition to the extension, Deja Vu also constructed a storage building in the rear of the property.

On September 9, 1996, the City filed its Verified Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction alleging in relevant part that "Bare-ly Legal" was in violation of the Ordinance because it offered adult entertainment without having obtained a special exception from the City, and that "Bare-ly Legal" violated Title XIII, § F(4) of the Ordinance because it is located within one thousand feet of a church or school. Following a hearing, the trial court issued its Findings of Fact, Conclusions of Law, and Preliminary Injunc-

tion enjoining Deja Vu from operating the expanded portion of the premises known as "Bare-ly Legal" until it has obtained a variance or special exception.[1] Deja Vu now appeals.

### DISCUSSION AND DECISION

██ Initially, we note that the City failed to file an appellee's brief. Where the appellee fails to file a brief on appeal, the appellant may prevail by making a prima facie case of error. *Sills v. Irelan*, 663 N.E.2d 1210, 1213 (Ind.Ct.App.1996). The prima facie error rule relieves this court from the burden of controverting the arguments advanced for reversal, a burden which rests with the appellee. *Olive v. Olive*, 650 N.E.2d 766, 767 (Ind.Ct.App.1995). However, we may in our discretion decide the case on the merits. *Sills*, 663 N.E.2d at 1213. We exercise our discretion to consider the merits of the issue presented.

The power of the trial court to issue an injunction should be used sparingly, and such relief should not be granted except in cases in which the law and facts are clearly within the moving party's favor. *Northern Indiana Pub. Serv. Co. v. Dozier*, 674 N.E.2d 977, 989 (Ind.Ct.App.1996). We may reverse a trial court's decision to grant a preliminary injunction only when the decision amounts to a clear abuse of discretion. *Amoco Production Co. v. Laird*, 622 N.E.2d 912, 915 (Ind.1993). In determining whether an abuse of discretion exists, we look to the trial court's findings of fact required by Indiana Trial Rules 65 and 52, and determine whether the findings validly support the court's conclusion. *Dozier*, 674 N.E.2d at 989.

Deja Vu's sole contention on appeal is that the trial court erred when it construed the Ordinance and concluded that Deja Vu's extension of its business and operation of "Bare-ly Legal" violated the Ordinance. Because the sole issue presented for review is one of statutory construction, we need not address whether the requirements for a preliminary injunction were otherwise satisfied.

---

1. We note that the City's motion contained other allegations, and the trial court entered a preliminary injunction with respect to other activities which Deja Vu does not challenge in this appeal.

When construing an ordinance, we apply the rules applicable to statutory construction. *City of Hobart Sewage Works v. McCullough,* 656 N.E.2d 1185, 1188 (Ind.Ct. App.1995), *trans. denied.* We are not bound by the trial court's interpretation of a statute, but rather must make an independent legal determination as to the meaning and its application to the instant facts. *Olejniczak v. Town of Kouts,* 651 N.E.2d 1197, 1199 (Ind. Ct.App.1995), *trans. denied.* Our primary task is to determine and give effect to the intent of its drafters. *Hendricks County Bank & Trust Co. v. Guthrie Bldg. Materials, Inc.,* 663 N.E.2d 1180, 1183 (Ind.Ct.App. 1996), *trans. denied.* Words are to be given their plain, ordinary, and usual meaning unless a contrary purpose is clearly shown by the statute itself. *Dep't of Public Welfare, State of Indiana v. Couch,* 605 N.E.2d 165, 167 (Ind.1992). In determining legislative intent, the language of the statute itself must be examined, including the grammatical structure of the clause or sentence at issue. *Knox County Rural Elec. Membership Corp. v. PSI Energy, Inc.,* 663 N.E.2d 182, 189 (Ind.Ct.App.1996), *trans. denied.*

Deja Vu focuses on the trial court's construction of Title XVI, § D of the Ordinance which deals with non-conforming buildings, uses and lots. That section provides as follows:

> Any lawful non-conforming use of a portion of a building may be extended throughout the building and any lawful non-conforming use may be extended or enlarged upon the lot occupied by such building that is held in single separate ownership on the effective date of this Ordinance, provided that the area of such buildings shall not be increased by more than a total of twenty-five (25) percent of the area of such building or a building on which a lawful non-conforming use is made, *and provided further that any structural alteration, extension or addition shall conform with all height, area, width, yard and coverage requirements for the zoning district in which it is located*

> *and shall comply with all provisions of this Ordinance.*

LAKE STATION, IND., ZONING ORDINANCE Title XVI, § D (1996), (emphasis added). In construing § D, the trial court concluded that although the section permits the extension of lawful non-conforming uses, it also provides that any extension shall comply with all other provisions of the Ordinance. The trial court went on to conclude that another provision of the Ordinance, Title XIII, § F(4), prohibits the enlargement of an adult business if located within one thousand feet of a church or school, within 500 feet of a residential district, or if not located within a[B–4] [2] zoning district. Due to the proximity of Deja Vu to St. Xavier Church and School, and its proximity to two residential districts, the trial court found that Deja Vu violated the Ordinance by failing to request a special exception for enlarging its business.

Deja Vu contends that the trial court's construction of Title XVI, § D is clearly erroneous. Specifically, Deja Vu concentrates on the drafter's use of the term "structural" in stating "and provided further that any *structural* alteration, extension or addition shall conform with all height, area, width, yard and coverage requirements ... and shall comply with all provisions of this Ordinance." TITLE XVI, § D (emphasis added). Deja Vu emphasizes the use of the word "structural" and argues that it not only modifies "alteration" but also applies to "extension" and "addition." Thus, Deja Vu argues, only "structural alterations," "structural extensions," and "structural additions" need to comply with "all provisions of the Ordinance," while mere "interior" extensions within the building, such as involved here, are exempt from compliance with other provisions of the Ordinance.

Contrary to Deja Vu's assertion, a plain reading of the phrase in question indicates that the word "structural" modifies only alteration. Indeed, the term "structural alteration" is uniquely defined by the Ordinance as are the terms "extension" and "addition." We read the term "extension" as standing alone as in the previous portions of the sec-

**2.** Deja Vu notes that Title XIII, § F, erroneously maintains a reference to the prior C–2 zoning district rather than the B–4 zoning district established in June of 1993.

tion. Accordingly, the term "structural" does not limit application of the final phrase of § D to only "structural" extensions of a non-conforming use. Deja Vu's interior extension of its business within its existing building is not exempt from compliance with "all provisions of the Ordinance."

■ Deja Vu maintains this interpretation of Title XVI, § D renders the section meaningless, as no extension of a non-conforming use could ever comply with "all provisions of the Ordinance," because a use which complied with the Ordinance would no longer be non-conforming. While we agree with Deja Vu that such interpretation would render § D meaningless, we do not construe, and we do not believe the trial court construed, § D in that manner.

Although the draftsmanship leaves much to be desired, we conclude that the closing language of § D "shall comply with all provisions of this Ordinance" is intended to provide that any (1) structural alteration, (2) extension, or (3) addition of a non-conforming use must comply with all provisions of the Ordinance *except* those provisions which by their adoption, revision, or amendment made the use non-conforming. Clearly, the drafters did not intend to prohibit any and all extensions of lawful non-conforming uses. If that were the case, the authorization of such by § D would have no purpose. We presume that the drafters of the Ordinance did not enact a useless provision. *See Wilson v. Pleasant*, 660 N.E.2d 327, 337 (Ind.1995). Moreover, the drafters did not intend for the extension of lawful non-conforming uses to be exempt from all zoning regulation merely because of their status as non-conforming. Instead, the drafters intended to permit the extension of non-conforming uses provided that those extensions comply with provisions of the Ordinance other than those provisions which originally made the use non-conforming. Any other construction would be illogical.

Although we do not accept the construction of Title XVI, § D urged by Deja Vu, we nevertheless conclude that the trial court erred when it applied that section to its findings of fact. After determining that Title XVI, § D permits the extension of lawful non-conforming uses provided that the extension complies with all other provisions of the Ordinance, the trial court found that Deja Vu's extension failed to comply with Title XIII, § F(4) of the Ordinance. Title XIII, § F(4) prohibits the "establishment, enlargement, reconstruction, resumption or structural alteration of any adult business" if such business is within (a) one thousand feet of any church, public or private elementary or secondary school, private or public preschool or day care center, or public park, or (b) five hundred feet of any residential zoning district, mobile home park district. That section further provides that no adult business shall be established, enlarged, reconstructed, resumed or structurally altered unless the site or proposed site is located in a[B–4][3] zoning district. TITLE XIII, § F(4).

■ Based upon its findings that Deja Vu is located within five hundred feet of a residential district and within one thousand feet of both a church and a school, the trial court concluded that Deja Vu was in violation of the Ordinance for failing to request a special exception for the enlargement of its business known as "Bare-ly Legal." However, the trial court misconstrues the terms used by the drafters of the Ordinance. The term "enlargement" is defined by the Ordinance as "[a]n addition to the floor area of an existing building, an increase in the size of any other structure, or an increase in that portion of a tract of land occupied by an existing use." TITLE II § B. The term "extension" has a very different meaning and is defined as "[a]n increase in the amount of existing floor area used for an existing use, within an existing building." *Id.* While Deja Vu's interior expansion into the lower level of its existing building and opening of the room known as "Bare-ly Legal" is clearly an "extension" of the use, it is not an "enlargement" as that term is defined by the Ordinance.

■ In construing the Ordinance, we are bound by the definitions provided by its drafters. *See Tillman v. Snow*, 571 N.E.2d 578, 580 (Ind.Ct.App.1991). By the specific

**3.** See footnote 2.

language chosen for Title XIII, § F, the drafters did not prohibit the "extension" of adult businesses merely due to their proximity to residential neighborhoods, schools, or churches. Accordingly, the trial court's conclusion that Deja Vu's extension of its use within its existing building and opening of "Bare-ly Legal" violated Title XIII, § F of the Ordinance is clearly erroneous and contrary to law.[4]

The trial court's order enjoining Deja Vu from operating the lower level of its premises known as "Bare-ly Legal" is reversed. The trial court's preliminary injunction is affirmed in all other respects.[5]

Affirmed in part, reversed in part.

STATON and BAKER, JJ., concur.

---

**4.** The evidence presented by the City is insufficient to support a finding that Deja Vu's extension violates any other provision of the Ordinance.

**5.** While we reverse the injunction as it relates to the operation of the lower level of the existing building known as "Bare-ly Legal," the trial court also found that Deja Vu constructed an addition to the premises referred to by Deja Vu as a "storage building." Brief of Appellant at 22. It is unclear whether Deja Vu is appealing the trial court's order as it pertains to the storage building. However, because such addition satisfies that definition of an "enlargement," the trial court's order enjoining Deja Vu from operating that portion of the premises occupied by the addition is affirmed. As we noted earlier, Deja Vu does not appeal the grant of the preliminary injunction with respect to other issues addressed by the injunction. See Brief of Appellant at 2, n.2.