Brenda H. GUERIN, Appellant–
Respondent,

v.

Joseph E. SCHAEFER, Terah Schaefer
And Matthew Schaefer b/n/k Joseph
Schaefer, Appellees–Petitioners.

No. 82A01–9907–CV–234.

Court of Appeals of Indiana.

May 12, 2000.

Terry A. White, Olsen, Labhart, White & Hambidge, Evansville, Indiana, Attorney for Appellant.

F. Stephen Sheets, Evansville, Indiana, Attorney for Appellees.

**OPINION**

RILEY, Judge

*STATEMENT OF THE CASE*

Appellant–Respondent Brenda H. Guerin (Guerin) appeals the trial court's order, ordering her to refrain from any direct or indirect contact with Joseph Schaefer

(Schaefer) and his minor children, T.S. or M.S., for one year.

We affirm.[1]

## ISSUE

Guerin raises three issues on appeal, which we consolidate and restate as: whether sufficient evidence exists to support the trial court's order of a permanent protective order in accordance with Ind. Code § 34–26–2–1 et seq.

## FACTS AND PROCEDURAL HISTORY

Guerin babysat for Schaefer when Schaefer was a child. Schaefer married Kim and had two children, T.S. and M.S. At Schaefer's request, Guerin also cared for his children.

In 1989, Schaefer and Kim divorced and Schaefer received physical custody of T.S. and M.S. After the divorce was final, Schaefer became concerned with Guerin's relationship with the children and informed Guerin that he did not want her to have contact with his children. Despite Schaefer's request, Guerin would visit with the children when they were with Kim.

On February 15, 1999, at 4:00 a.m., T.S. ran away from home, leaving behind a note indicating that she was going to commit suicide. T.S. walked to a gas station and called Guerin. Guerin picked up T.S. and took her to Guerin's residence. T.S. informed Guerin that she left a suicide note at Schaefer's home and told her not to call Schaefer. Guerin then left T.S. unattended and went to work. Guerin did not notify Schaefer that T.S. was at her home. After contacting the Police, Schaefer learned that T.S. had called Guerin from the gas station. The police located T.S. at Guerin's residence later that day. As a result of this incident, Schaefer filed a Petition for Temporary and Permanent Protective Order on March 8, 1999.

On March 8, 1999, the trial court issued a Temporary Protective Order, ordering Guerin to refrain from contact with Schae-

fer and his children. On May 27, 1999, a hearing was held on the Petition for a Permanent Restraining Order.

At the May 27, 1999 hearing, Schaefer testified that Guerin would sit behind him and his children at church. Schaefer stated, that in an attempt to avoid Guerin, he attended other church services, however, Guerin would follow him to the different churches. Schaefer also testified that when he would take the children to visit their grandmother, Guerin would walk around the block and stop and stare at the Schaefer children.

At the conclusion of the May 27, 1999 hearing, the trial court granted Schaefer's Petition for Permanent Protective Order, ordering Guerin to refrain from contact with Schaefer or his children for one year. The Permanent Protective Order was issued in accordance with the Protective Order to Prevent Abuse Statute, Ind.Code § 34–26–2–1 et seq. This appeal subsequently ensued.

## DISCUSSION AND DECISION

Guerin argues that the trial court abused its discretion in granting the petition for a permanent protective order. Specifically, Guerin argues that her housing T.S. is insufficient evidence of abuse to support the Permanent Protective Order. Guerin also argues that the trial court erred when it ordered her to refrain from contact with M.S. We disagree.

■ In order to obtain a protective order pursuant to Ind.Code § 34–26–2–2, the petitioner must file a petition alleging specific acts or feared acts of abuse perpetrated against petitioner or members of the petitioner's household by the respondent. Ind.Code § 34–26–2–2. In *Tillman v. Snow,* we found the term "abuse" to include mental abuse such as that caused by harassing conduct or conduct that disturbs the peace of another person. *Tillman v.*

1. Guerin's Petition for Oral Argument is hereby denied.

*Snow*, 571 N.E.2d 578, 580 (Ind.Ct.App. 1991).

■ In the present case, Schaefer identified a particular instance in which Guerin's conduct disturbed Schaefer's peace. Specifically, Schaefer proved, by a preponderance of the evidence, that Guerin housed his minor child at a time when Guerin had been informed that the minor child had run away from home and left a suicide note. This evidence is sufficient to support the trial court's finding that Guerin disturbed the peace of Schaefer. We find no error in the trial court's finding that the actions of Guerin amounted to abuse under the Protective Order to Prevent Abuse statute. *See Tillman*, 571 N.E.2d at 580 (holding that biological father's request to have contact with daughter after his parental rights were terminated was abuse within the meaning of the statute, and therefore the trial court did not abuse its discretion in issuing a permanent protective order against the biological father).

■ Guerin also argues that the trial court erred when it ordered her to refrain from contact with M.S.

■ Pursuant to Ind.Code § 34–26–2–12 the trial court shall hold a hearing on the petition, and if the petitioner proves the alleged abuse by a preponderance of the evidence, the trial court shall order the respondent:

(A) to refrain from abusing, harassing, or disturbing the peace of the petitioner, by either direct or indirect contact;

(B) to refrain from abusing, harassing, or disturbing the peace of a member of the petitioner's household, by either direct or indirect contact;

(C) to refrain from entering the property of the petitioner, jointly owned or leased property of the petitioner and respondent if the respondent is not the sole owner or lessee, or any other property as specifically described in the petition;

(D) to refrain from damaging any property of the petitioner;

Ind.Code § 34–26–2–2. " '[W]hen a statute is clear and unambigious on its face, this court need not, and indeed may not, interpret the statute. Instead we must hold the statute to its clear and plain meaning.' " *Rzeszutek v. Beck*, 649 N.E.2d 673, 678 (Ind.Ct.App.1995) (citing *Miller v. Walker*, 642 N.E.2d 1000, 1001–2 (Ind.Ct. App.1994)). When a trial court finds that the petitioner has proved the abuse alleged in a petition for a permanent protective order, it is mandatory that the protective order include language ordering the respondent to refrain from contact with members of the petitioner's household. *See Rzeszutek*, 649 N.E.2d at 678 (holding that while certain terms of a protective order are mandatory, ordering counseling is discretionary). Thus, the trial court did not abuse its discretion in ordering Guerin to refrain from contact with Schaefer or his children because the children were members of Schaefer's household.

*CONCLUSION*

Sufficient evidence exists to support the trial court's issuance of a permanent protective order. Further, the trial court did not err in ordering Guerin to refrain from contact with Schaefer, M.S. and T.S.

Affirmed.

KIRSCH, J., and BAKER, J., concur.