**HALL DRIVE–INS, INC. d/b/a Don Hall'S Guesthouse, Appellant– Defendant,**

v.

**CITY OF FORT WAYNE, Appellee–Plaintiff.**

**No. 02A04–0005–CV–219.**

Court of Appeals of Indiana.

May 10, 2001.

M. Scott Hall, Fort Wayne, IN, Attorney for Appellant.

Martin T. Fletcher, Sr., Christine M. Stach, Rothberg Logan & Warsco, L.L.P., Fort Wayne, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant–Defendant, Hall Drive–Ins., Inc., d/b/a Don Hall's Guesthouse (Guesthouse), is a restaurant-bar. The bar area is a separate room within the structure housing the primary restaurant facility. Minors are not permitted in the bar area but are permitted in the restaurant proper. Although it is a separate room with floor to ceiling walls, the bar is not fully enclosed in that closed doors separate access to the other areas of the restaurant.

A City inspection officer cited Guesthouse for permitting smoking in the bar area. The gravamen of the citation was the absence of "separation doors" between the bar area and the rest of the restaurant. The trial court denied Guesthouse's Motion to Dismiss and assessed a $100 sanction in favor of the City.

Under the Anti–Smoking Ordinance of the City of Fort Wayne, General Ordinance No. G–22–98 § 96.62(A), smoking is prohibited in "Restaurants," defined as follows in § 95.60(B):

> any enclosed building, structure or area used as or held out to the public as having food available for payment to be consumed on the premises, including bars, coffee shops, cafeterias, cafes, luncheonettes, soda fountains, and taverns.

■ Guesthouse concedes that it is a restaurant as defined. Furthermore, the evidence established that food for on-premises consumption is served in the bar area of the restaurant, as well as in the restaurant area proper. However, Guest-

house points to the first exemption provision of the Anti–Smoking Ordinance [1] claiming that in the bar area of the restaurant, where the alleged violation here took place, smoking is not prohibited.

It is vitally important to repeat that the ordinance violation alleged took place in the "bar" area of the restaurant and was premised upon the fact that although the separate room housing the bar had floor to ceiling walls, it was not "fully enclosed" in that the doorways separating the bar area from the remainder of the restaurant were open. This fact circumstance would certainly be relevant if Guesthouse were claiming exemption under the second exception provision, § 95.63(A)(2) which states:

A designated room or other enclosed area within a restaurant otherwise regulated and subject to this smoking ban provided that such area is completely enclosed and separate from the remainder of the smoke free enclosed areas of the facility by solid floor to ceiling walls and *doors and/or windows which must remain closed except for entry and exit of persons to and from the room* or where a window or door ventilates to the outside of the building. No restaurant covered by this ordinance shall be designated a smoking area in its entirety. It is strongly encouraged but not mandated in existing restaurants and particularly new restaurants that wish to have an area where smoking is not regulated to have a separate ventilation system in this area whereby the air from the enclosed area is immediately exhausted to the outside in such a way as to prevent

reintroduction of smoke into any smoke-free area. (Emphasis supplied).

However, Guesthouse expressly states that it makes no claim "that its bar area met the requirements of the second listed exception." App. Br. at 7. Accordingly, in order to gain reversal, Guesthouse must establish that it falls within the scope of the first exception.

It has done so.

Ordinance Section 95.63(A) expressly delineates "areas" where smoking is not regulated. As set forth, *supra,* in footnote 1, it provides as follows:

A. Notwithstanding any other provisions of this Ordinance to the contrary, the following areas shall not be subject to the smoking restrictions of this Ordinance:

1. Restaurants as designated by Indiana Code 7.1–5–7–1, et seq. (concerning minors and alcoholic beverages) as off-limits to persons under 18 years of age.

■ The Alcoholic Beverage laws set forth in I.C. §§ 7.1–5–7–1 to 7.1–5–7–15 (Burns Code Ed. Repl.1996) are designed to prohibit the presence of minors under the age of 18 in "a tavern, bar, or other public place where alcoholic beverages are sold. . . ." I.C. § 7.1–5–7–9. Thus, while minors are prohibited from entry into the bar area of the Guesthouse, *see* §§ I.C. 7.1–5–7–9 and 10, they are expressly permitted in "[t]hat part of ... [the] restaurant which is separate from a room in which is located a bar over which alcoholic beverages are sold or dispensed by the drink." I.C. § 7.1–5–7–11(16).

---

**1.** Ordinance No. G–22–98 § 95.63(A)(1) provides:

Notwithstanding any other provisions of this Ordinance to the contrary, the following areas shall not be subject to the smoking restrictions of this Ordinance:

1. Restaurants as designated by Ind. Code § 7.1–5–7–1, et seq. (concerning minors and alcoholic beverages) as off-limits to persons under 18 years of age.

It therefore appears clear that because children are permitted in the non-bar areas of the restaurant, smoking is prohibited in those areas. It is equally clear that because the bar area falls within the scope of the first exception to the Anti–Smoking Ordinance, *i.e.*, because it is off-limits to minors, smoking is not prohibited in that area of the restaurant.

If there be any lingering doubt as to this conclusion, it should be dispelled by reference to the Alcoholic Beverage Laws themselves. These laws clearly permit different areas of the same structure or facility to be put to different uses and with different consequences. Alcoholic beverages may be served in a separate area of a restaurant if minors are barred from that area. In such instance, smoking is not prohibited. Conversely, children are permitted and are invited to be present in the non-alcoholic beverage areas of the restaurant with the consequence that smoking is not permitted in those areas. These disparate uses are not precluded merely because the overall facility constitutes a "restaurant" of which a bar area is a component.

The City argues, however, that notwithstanding the claim of Guesthouse under the first exception rather than the second exception, the bar area must be fully enclosed including closed doors and/or windows for the reason that the bar is part of the restaurant and "could be entered into from the restaurant." Record at 35.

Again, the Alcoholic Beverage Laws themselves belie this position. It should be kept in mind that the City fathers, in drafting the Anti–Smoking Ordinance, made the conscious choice to inextricably tie it to the Alcoholic Beverage Laws as they relate to minors. In these laws and the regulations implementing them, there is no requirement that closed doors and/or windows separate the bar area. To the contrary, 905 Ind.Admin.Code 1–41–2 specifically provides:

**905 IAC 1–41–2 Separation of rooms**

**Authority: IC 7.1–2–3–7**

**Affected: IC 7.1–5**

Sec. 2 (a) In a permit premises meeting the criteria in this section, the separation of the bar area from the dining area, where minors may be served, may be a structure or barrier *that reasonably deters free access and egress without requirement for doors or gates.* In order to qualify for the bar area separation permitted in this section, a permittee or applicant must have a minimum gross food sales or minimum projected food sales of two hundred thousand dollars ($200,000) per permit year or sixty percent (60%) of the gross food and alcoholic beverage sales or projected sales, not including carry out or catering food sales, must be in the sale of food.

(b) In all other permit premises covered by a retail permit, a room containing a bar must be separated from any family room where minors are to be permitted. The family room shall be separated from the barroom by a non-transparent wall at least seventy-two (72) inches high. *The barroom may be accessed by one (1) or more doorways. An open archway of no more than five (5) feet in width is sufficient.*

Thus, whether or not food sales of a restaurant liquor permitee meets the minimum dollar or percentage requirement, doors, whether open or closed, are not required.

In order to be exempt from the Anti–Smoking Ordinance, the position taken by the City is tantamount to requiring a restaurant *and* any part thereof, *e.g.*, a bar, to fall within each and every of the four distinct exceptions set forth in § 95.63(A)(1)-(4) inclusive. The corollary

effect of the City's position is that if the restaurant-defendant fails under any one of the four exceptions with respect to a particular area within the restaurant, smoking must be prohibited in the entire restaurant, not merely the area in question.

Our reading of the Ordinance and the applicable laws and regulations prompt the holding that Guesthouse was not obligated to comply with the fully enclosed requirement of § 95.63(A)(2). It did fall within the exception provisions of § 95.63(A)(1).

The judgment is reversed and the cause is remanded with instructions to grant Guesthouse's motion to dismiss.

ROBB, J., concurs.

SHARPNACK, C.J., dissents with separate opinion.

SHARPNACK, C.J., dissenting.

I respectfully dissent because I conclude that Don Hall's Guesthouse's ("the Guesthouse") restaurant does not fall under the protection of either of the relevant exceptions in the anti-smoking ordinance, and the state alcoholic beverage laws do not countermand the plain language of the ordinance.

When construing an ordinance, we apply the rules applicable to statutory construction. *Deja Vu of Hammond, Inc. v. City of Lake Station,* 681 N.E.2d 1168, 1171 (Ind.Ct.App.1997). Our goal in statutory construction is to determine and give effect to legislative intent. *Rush v. Elkhart County Plan Comm'n,* 698 N.E.2d 1211, 1215 (Ind.Ct.App.1998) (quoting *Consolidation Coal Co. v. Indiana Dep't of State Revenue,* 583 N.E.2d 1199, 1201 (Ind. 1991)), *trans. denied.* We do not and may not interpret a statute that is facially clear

and unambiguous. *Murray v. Hamilton County Sheriff's Dep't.,* 690 N.E.2d 335, 339 (Ind.Ct.App.1997). Instead, we give the statute its plain and clear meaning. *Id.*

The ordinance provides, in relevant part, "[s]moking shall be prohibited in Restaurants." FORT WAYNE, IN, CODE § 95.62A. However, several categories of restaurants or enclosed areas in restaurants are exempt from the smoking ban. The ordinance provides, in relevant part:

A. Notwithstanding any other provisions of this Ordinance to the contrary, the following areas shall not be subject to the smoking restrictions of this Ordinance:

1. Restaurants as designated by Indiana Code 7.1-5-7-1, et seq. (concerning minors and alcoholic beverages) as off-limits to persons under 18 years of age.

2. A designated room or other enclosed area within a restaurant otherwise regulated and subject to this smoking ban provided that such area is completely enclosed and separate from the remainder of the smoke free enclosed areas of the facility by solid floor to ceiling walls and doors and/or windows which must remain closed except for entry and exit of persons to and from the room or where a window or door ventilates to the outside of the building. No restaurant covered by this ordinance shall be designated a smoking area in its entirety.

FORT WAYNE, IN, CODE § 95.63A.[2]

Here, I agree with the majority that the Guesthouse's bar area was not enclosed, and that the restaurant fails to satisfy the

---

**2.** The ordinance provides two other exceptions to the smoking ban, but neither party raises them and they are irrelevant to this appeal.

requirements of § 95.63A.2. (hereinafter referred to as "the enclosure exception"). However, I do not agree that the restaurant is protected by § 95.63A.1. (hereinafter referred to as "the tavern exception"). The plain language of the tavern exception provides that restaurants that are off-limits to minors are exempt, not that portions of restaurants that are off-limits to minors are exempt. It is undisputed that minors were permitted in the dining area of the Guesthouse's restaurant. Consequently, the restaurant was not "off-limits to persons under 18 years of age," and it is not protected by the tavern exception. *See* § 95.63A.1.

According to Ind.Code § 7.1–5–7–11(a)(11), which the majority cites, minors are permitted to enter "[t]hat part of a hotel or restaurant which is separate from a room in which is located a bar over which alcoholic beverages are sold or dispensed by the drink." Ind.Code § 7.1–5–7–11(a)(16). This statute authorizes the Guesthouse to create separate bar and dining areas, but it does not override the tavern exception's plain language, which provides that only restaurants that are "off limits to persons under 18 years of age" are exempt from the anti-smoking ordinance.[3] *See* § 95.62A.1.

When the exceptions are read together, a restaurant may either be entirely off-limits to persons under eighteen years of age, thereby satisfying the tavern exception to the smoking ban, or it may allow smoking in an enclosed area of the restaurant, thereby satisfying the enclosure exception. *See* § 95.62A.1. & 2. If the tavern exception permits smoking in unenclosed bar areas of restaurants, then the tavern

exception overrides the enclosure exception and renders it ineffective. We are required to give effect to both parts of the ordinance, if possible. *See Waldridge v. Futurex Indus., Inc.*, 714 N.E.2d 783, 785 (Ind.Ct.App.1999), *reh'g denied, trans. denied.* Thus, I conclude that the tavern exception is inapplicable here.

Turning to the undisputed facts of the case, the parties agree that the Guesthouse's bar area was not enclosed as required by the anti-smoking ordinance. Consequently, the Guesthouse violated the ordinance, and the trial court's judgment is not contrary to law. For the foregoing reasons, I respectfully dissent.

---

**3.** Guesthouse argues in its reply brief that its unenclosed bar area is authorized by a provision of the Indiana Administrative Code, which would trump the ordinance's provisions. However, Guesthouse is raising this issue for the first time on appeal. Because Guesthouse failed to present this issue to the trial court, it is waived for our review. *See Mitchell v. Stevenson*, 677 N.E.2d 551, 558 (Ind.Ct.App.1997), *trans. denied.*