**HALL DRIVE–INS, INC. d/b/a Triangle Park, Appellant–Defendant,**

v.

**CITY OF FORT WAYNE, Appellee–Plaintiff.**

No. 02A03–0005–CV–189.

Court of Appeals of Indiana.

May 10, 2001.

---

M. Scott Hall, Fort Wayne, IN, Attorney for Appellant.

Martin T. Fletcher, Sr., Christine M. Stach, Rothbert Logan & Warsco, L.L.P., Fort Wayne, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

This is a companion case to *Hall Drive-Ins, Inc. d/b/a Don Hall's Guesthouse v. City of Fort Wayne,* 747 N.E.2d 638, (Ind. Ct.App.2001) decided today, under Cause No. 02A04–0005–CV–219. Its facts are strikingly similar, but for purposes of clarity we recite the facts of this case insofar as they are deemed to be of import to the decision.

Triangle Park (Triangle), like Don Hall's Guesthouse (Guesthouse) is a restaurant-bar. Also like Guesthouse, the bar area is a separate room within the structure housing the primary restaurant facility. Minors are not permitted in the bar area but are permitted in the remaining restaurant areas.

A City inspection officer cited Triangle for violating a provision of the City Anti-Smoking Ordinance requiring removal of all "ashtrays and other Smoking paraphernalia" from any area where smoking is prohibited. General Ordinance No. G–22–98 § 95.64(C). In this instance the item in question was described as an "ashtray ."

The citation was issued without regard to the application of Indiana Alcoholic Beverage laws *vis-à-vis* restaurant/bars subject to the Anti–Smoking Ordinance.

The bar area in question was entered through a "swinging door" from the left side of the reception or lobby area of the building. Access to the restaurant proper was gained by entry through the right side of the reception or lobby area. The swinging door was approximately three and one-half feet in height, open at the bottom and the top. In the back portion of the bar area there was an open doorway, without a door, described as a "passageway" through which food servers accessed food customers in the bar area.

It is not clear from the record but there is evidence that in addition to the swinging front door and the rear open passageway, not all of the interior walls of the bar area extend fully from floor to ceiling.[1]

---

1. However, relative to separation of bar areas from dining areas where minors are permit-

Here, as in *Guesthouse,* no claim is made for exemption from the Anti–Smoking Ordinance under § 95.63(A)(2). Rather Triangle, as did Greathouse, falls within the first exception to the Smoking prohibition. § 95.63(A)(1).

Upon the authority of *Guesthouse,* and by applying its rationale to the facts of this case we hereby reverse the judgment of the trial court in favor of the City and direct that judgment be entered for the defendant Triangle Park.

ROBB, J., concur.

SHARPNACK, C.J., dissents with separate opinion.

SHARPNACK, C.J., dissenting.

I agree with the majority's conclusion that the exception set forth in FORT WAYNE, IN, CODE § 95.63A.2. does not protect Triangle Park's restaurant. However, for the reasons set forth in my dissenting opinion in *Hall Drive–Ins, Inc. d/b/a/ Don Hall's Guesthouse v. City of Fort Wayne,* 747 N.E.2d 638, (Ind.Ct.App.2001) filed today under Cause No. 02A04–0005–CV–219, I do not agree that Triangle Park is protected by the exception set forth in § 95.63A.1. Consequently, because the parties agree that smoking paraphernalia was present in Triangle Park's bar, I conclude that Triangle Park violated FORT WAYNE, IN, CODE § 95.64C,[2] and that the trial court's judg-

ment is not contrary to law.[3] For the foregoing reasons, I respectfully dissent.

---

ted, access to minors need only be reasonably deterred. There is no requirement for doors or gates. In separating a bar area from a family room where minors are permitted the dividing wall need only be "at least seventy-two (72) inches high." 905 Ind.Admin.Code 1–41–2. In the case before us, the evidence was that the wall or walls were higher than seventy-two inches, i.e. they were taller than the witness who was 6′ 1″ tall, i.e. seventy-three inches.

2. That section provides, in relevant part: "[a]ll ashtrays and other Smoking paraphernalia shall be removed from any area where

Smoking is prohibited by this Ordinance, . . . ." FORT WAYNE, IN, CODE § 95.64C.

3. Triangle Park contends in its reply brief that certain provisions of the Indiana Administrative Code only require it to place a partition between its restaurant's bar and dining areas, and that these provisions control over the terms of the ordinance. However, because this point is being raised for the first time in a reply brief, it is waived for our review. *See Chrysler Motor Corp. v. Resheter,* 637 N.E.2d 837, 839 (Ind.Ct.App.1994), *trans. denied.*