Edward CHAJA and Jean Chaja, Appellants–Plaintiffs,

v.

Leonard SMITH, et al., Appellees–Defendants.

No. 46A03–0012–CV–456.

Court of Appeals of Indiana.

July 16, 2001.

**612**

Molly E. Palmer, Braje & Nelson, LLP, Michigan City, IN, Attorney for Appellants.

David H. McCain, Sallwasser & McCain, LaPorte, IN, Attorney for Appellees.

1. The appellants' motion for oral argument is hereby denied.

   In addition, we note that the appellant's brief did not contain a verbatim statement of the judgment, as required by former Ind. Appellate Rule 8.3(A)(4). We mention the absence of this required statement because the new appellate rules contain a similar requirement. *See* Ind. Appellate Rule 46(A)(10). In the future, Appellant should more carefully adhere to the appellate rules because the failure to do so may impair our ability to resolve a case quickly.

2. To provide a visual diagram of the land in question, we have attached a copy of the plat

## OPINION

SHARPNACK, Chief Judge.

Edward and Jean Chaja appeal the trial court's denial of their request for an order to quiet title. The Chajas raise one issue on appeal, which we restate as whether the trial court erred in denying their request to quiet title in their name to a piece of land that the subdivision plat indicates was offered for dedication as a public street. We affirm.[1]

The facts most favorable to the judgment follow. The Chajas' house is in Woodside subdivision on two lots of land that are situated 150 feet north of U.S. Highway 6 on Cedar Street.[2] According to the plat, the northern border of the Chajas' property is a street called Maple Lane; however, that road does not exist, and the land is a cornfield. Another lot lies on the east side of Cedar Street between U.S. Highway 6 and the Chajas' property.[3] To the west of the Chajas' property, across Cedar Street, is a six-lot residential property owned by Patricia Craft. The Craft property's northern border is Maple Lane, and its southern border is U.S. Highway 6.[4] The property that lies across Maple Lane north of both the Chajas' property and the Craft property is a large farm owned by Patricia Kresel and farmed by the Roy H. Kresel Corporation (hereinafter collectively, "the Kresels").[5]

of Woodside subdivision. Thereon, the Chajas' property consists of lots number sixteen and seventeen.

3. Specifically, lots number seven and eight lie between the Chajas' property and U.S. Highway 6.

4. Craft owns lots four, five, six, eighteen, nineteen, and twenty.

5. The Kresels own and farm lots nine through twelve and the area that prior to 1953 was lots twenty-four through fifty. *See infra* n. 6.

Although the plat indicates that Cedar Street is to be 30 feet wide, Cedar Street is actually an unpaved road approximately twelve feet wide. When a snowstorm struck LaPorte County in 1995 or 1996, the Chajas called the county authorities and requested that Cedar Street be plowed. Someone at the county office told the Chajas that Cedar Street was not a public road and that the County did not have to plow or maintain the road. Consequently, the Chajas investigated who owned Cedar Street.

The subdivision plat that was recorded in 1942 indicates that Cedar Street was offered for dedication as a public street.[6] Based on the plat, the Chajas believed that Cedar Street was a public street, and they asked the LaPorte County Commissioners to vacate the street. However, the Commissioners would not vacate the street because they did not believe that it was a public way.

In addition to informing the Chajas that Cedar Street was not a public way, the Commissioners told the Chajas that the original developers still owned the land. Therefore, the Chajas asked the developers' heir, Jean Bauer, to sign a quitclaim deed conveying Cedar Street to the Chajas. After the quitclaim deed was signed and recorded, the Chajas requested that Cedar Street be included on their property tax bill and filed this quiet title action. A hearing on this matter was held on October 12, 2000. The trial court denied the Chajas' request to quiet title and included the following explanation in its order:

> Whether formally accepted or not, Cedar Street was intended to be and has continued to be a public street. The conveyance by the heir of the original platter is of no value because she had

nothing to convey. Further, there was no evidence of a judicial probate findings [sic] that she is in fact the sole heir with sole right to convey.

> The public has used Cedar Street for some forty (40) years, even if the "public" is only the Kresels, since the number of people using it is of no consequence.

> If the title is quieted in Plaintiffs, Defendant Patricia Craft, if at some future date, would sell lots 18 and 19 separately, would be required to litigate an easement of necessity over the land in question. This would be manifestly prejudicial.

Record, p. 68.

The sole issue on appeal is whether the trial court erred in denying the Chajas' request to quiet title in their name to a piece of land that the subdivision plat indicates was offered for dedication as a public street. The Chajas argue that we should review the trial court's decision de novo because it was a pure question of law. We disagree with the Chajas' suggestion that the only determinations that the trial court made were pure questions of law, because the trial court had to make some findings of fact to reach its determinations. *See Bader v. Johnson,* 732 N.E.2d 1212, 1216 (Ind.2000) (providing that a pure question of law is one that does not require consideration of credibility questions, reference to extrinsic evidence or drawing of inferences from evidence to determine the resolution of the issue). Because the trial court entered some findings of fact, where necessary, we review those findings of fact for clear error. *Town & Country Homecenter of Crawfordsville, Indiana, Inc. v. Woods,* 725 N.E.2d 1006, 1009 (Ind.Ct.App.

---

6. In 1953, the La Porte Circuit Court entered an order vacating all of Woodside subdivision north of Maple Lane. However, this order would not have vacated the section of Cedar Street in question herein, as it lies south of Maple Lane.

2000), *trans. denied.* Because both the trial court's and our conclusions of law rest on the application of a statute to the facts in this case, we review the trial court's conclusions of law de novo. *Deja Vu of Hammond, Inc. v. City of Lake Station,* 681 N.E.2d 1168, 1171 (Ind.Ct.App.1997) ("We are not bound by the trial court's interpretation of a statute, but rather must make an independent legal determination as to the meaning and its application to the instant facts.").

The Chajas claim that the trial court's denial of their request for an order to quiet title was erroneous for three reasons. First, they claim that the trial court erred in concluding that Cedar Street is a public street. Second, they claim that the trial court erred in concluding that Bauer had no right to convey title. Third, they claim that the trial court erred in concluding that Craft would be harmed if the trial court granted the Chajas' request to quiet title. We will address each of these arguments in turn.

■ First, the Chajas claim that the trial court erred in holding that Cedar Street is a public street. Whether a street was dedicated for public use depends on whether the original landowner offered the land as a street and whether the government accepted the land as such. *Beaman v. Smith,* 685 N.E.2d 143, 147 (Ind.Ct.App. 1997). The Chajas claim that to determine whether Cedar Street was properly dedicated, we should apply the four-element test outlined in *Beaman.* The four elements of that test are: (1) the developer must have platted the street; (2) the developers must have acknowledged the plat; (3) the plat must have been approved by the appropriate municipality; and (4) the recorded plat must " 'grant [ ] to the municipality, in trust for the public, title to an easement for a street.' " *Id.* (quoting *Interstate Iron & Steel Co. v. East Chicago,*

187 Ind. 506, 509, 118 N.E. 958, 959 (1918)).

The Chajas acknowledge that the original developers platted Cedar Street and acknowledged the plat. However, they claim that the third element was never met because the LaPorte County Commissioners never approved the plat or accepted the offer of dedication. The Kresels counter this argument by claiming that whether or not the municipality formally accepted the plat is irrelevant because "Cedar Street became a public street by public useage [sic]." Appellee's brief, p. 10.

Before a 1988 amendment, Ind.Code § 8–20–1–15 provided, in pertinent part, that "[a]ll county highways heretofore laid out according to law, or used as such for twenty (20) years or more, shall continue as originally located and as of their original width, respectively, until changed according to law." *See Zakutansky v. Kanzler,* 634 N.E.2d 75, 82 (Ind.Ct.App.1994). Despite the fact that the statute was amended in 1988 to remove the language in the previous sentence, we may still hold that the public accepted a street by usage if the street was used as a public street for twenty years prior to 1988. *Id.* If the street became a public street before 1988, then the public has a vested right in that street, and the vested right was not eliminated by the amendment of the statute. *Id.* Therefore, we must decide whether the public used Cedar Street for twenty years prior to 1988.

The subdivision plat was recorded September 10, 1942. The parties do not dispute the fact that the Kresels have used Cedar Street to access their farmland for the last forty years. Stated another way, the Kresels have used Cedar Street since 1961, which is twenty-seven years before 1988. Consequently, Cedar Street was used for a sufficient period of time before

1988 for the public to have acquired a vested right in the street before the amendment of Ind.Code § 8–20–1–15. *See, e.g., Smolek v. Bd. of County. Com'rs of Pulaski County,* 179 Ind.App. 603, 386 N.E.2d 997, 999 (1979).

However, the Chajas contend that the Kresels are not the "public" for the purposes of the prior Ind.Code § 8–20–1–15. Appellant's brief, pp. 9–10. To support this argument, the Chajas cite *Switzer v. Armantrout,* 106 Ind.App. 468, 19 N.E.2d 858 (Ind.Ct.App.1939). In *Switzer,* this court held that the appellee had acquired a prescriptive easement across the appellant's land because the road in question had been used for more than twenty years. *Id.* at 473, 19 N.E.2d at 860. We then went on to state that the facts did not support a convenience right of way or "a contention ... that the roadway is a public highway, either by use for 20 years (section 36–1807, Burns' 1933 [a previous version what was I.C. § 8–20–1–15 before 1988], Sec. 8770 Baldwin's 1934) or by dedication." *Id.* The Chajas assert that no public highway could exist in *Switzer* because the road provided only two private landowners access to their private property and that we should follow the logic of *Switzer* to hold that the use of Cedar Street by only Chajas' predecessors and the Kresels could not support a finding of public use.

The Kresels argue that the statement in *Switzer* on which the Chajas rely is merely dictum because we had already held that a prescriptive easement existed across the land. We agree.[7] Moreover, we note that the plaintiff's action in *Switzer* was an action to quiet title to an easement that plaintiff claimed that she had over the

defendant's land; the plaintiff had not asserted that a public roadway existed pursuant to Ind.Code § 8–20–1–15, as the Kresels do here. *Id.* at 859.

In addition, in other cases that actually address the issue of whether a public highway exists pursuant to Ind.Code § 8–20–1–15, this court has stated that the frequency and number of users of a street is not significant, as long as the street remained free to those members of the public who had occasion to use it. *Smolek,* 386 N.E.2d at 999. In addition, the term "public" has been interpreted to mean " 'all those who have occasion to use' the road." *Fenley Farms,* 404 N.E.2d at 1168 (quoting *Gillespie v. Duling,* 41 Ind.App. 217, 221, 83 N.E. 728, 730 (1908)). Finally, a road can be a public road even if the road is only open at one end and only provides access to one landowner. *Gillespie,* 41 Ind.App. at 221, 83 N.E. at 730. Under these rules, we conclude that the public used Cedar Street when the Chajas' predecessors and the Kresels used the street to access their private lands. *See, e.g., Smolek,* 386 N.E.2d at 999 (holding that use by three different farmers to reach their fields and use by a police officer during duties was sufficient to justify the trial court's conclusion that the strip of land in question was a public highway under Ind.Code § 8–20–1–15 despite the fact that the roadway had not been properly established by the county). To the extent that the dictum in *Switzer* suggests we should hold differently, we disapprove of the language in *Switzer.* Consequently, the trial court did not err when it held that the Kresels use of Cedar Street was public usage that converted Cedar Street to a public street under Ind.Code § 8–20–1–15,

---

7. In *Zakutansky,* we referred to the statement by the *Switzer* court about the statute that in 1988 was Ind.Code § 8–20–1–15 as a holding. *Zakutansky,* 634 N.E.2d at 82. Upon further

consideration of the actual issues in *Switzer,* we have decided that our opinion in *Zakutansky* overstated the significance of the court's statement in *Switzer.*

regardless of whether it was formally accepted by LaPorte County. *See, e.g., Smolek,* 386 N.E.2d at 999.

██ The Chajas' second claim is that the trial court erred in holding that Bauer had no right to convey title. Because we have held that Cedar Street is a public street, Bauer did not have title to the street. *See Fenley Farms,* 404 N.E.2d at 1172 ("Once established, an indefeasible right is vested in the public; the owner of the fee cannot divest the public's interest therein; and according to statute, the highway continues to exist until 'changed according to law.'" (internal citations omitted)). Therefore, Bauer could not have conveyed good title to the Chajas. The trial court did not err as a matter of law in so holding.

Finally, the Chajas claim that the trial court erred in finding that Craft could be harmed in the future if the trial court granted the Chajas' request to quiet title. Because Cedar Street is a public street, the trial court had no choice but to deny the Chajas' request to quiet title regardless of whether Craft would be harmed. *See, e.g., Cook v. Rosebank Develop. Corp.,* 176 Ind.App. 664, 376 N.E.2d 1196, 1201 (1978) ("There can be no such thing as a permanent, rightful private possession of a public street.") (quoting *Wolfe v. Town of Sullivan,* 133 Ind. 331, 335, 32 N.E. 1017, 1019 (1893)). Consequently, we need not analyze whether the trial court erred in finding that Craft would be harmed and in concluding that Craft would be legally prejudiced thereby in the future.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

KIRSCH, J. and MATTINGLY–MAY, J. concur.

Plat of
Woodside Subdivision
(size and scale approximated)

Chajas - lots 16 & 17
Kraft - lots 4, 5, 6, 18, 19 & 20
Kresel - lots 9-15 and
      former lots 24-50.

Former lots
number 24 - 50

Maple Lane

| 23 | 22 | 21 | 20 | 19 | 18 | | 17 | 16 | 15 | 14 | 13 |
| 1 | 2 | 3 | 4 | 5 | 6 | Cedar Street | 7 | 8 | 9 | 10 | 11 | 12 |

U.S. Highway Six